**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4943**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

NOE AGUILERA-AGUILA, a/k/a Jose Manuel Rosales,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.    Terrence W. Boyle, District Judge.  (5:10-cr-00061-BO-1)

Submitted: May 24, 2011            Decided:  June 17, 2011

Before MOTZ and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.    George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Noe Aguilera-Aguila pled guilty, without a plea agreement, to one count of reentering the United States after having been deported as an aggravated felon, in violation of 8 U.S.C. § 1326 (2006). The district court sentenced Aguilera-Aguila to twenty-four months' imprisonment. Aguilera-Aguila timely appealed. For the reasons that follow, we vacate Aguilera-Aguila's sentence and remand for resentencing.

Included in Aguilera-Aguila's criminal history score was a point assessed pursuant to U.S. Sentencing Guidelines Manual § 4A1.1(e) (2009), for having committed the instant offense within two years after his release from custody for a prior qualifying offense. On appeal, Aguilera-Aguila contends that his sentence is procedurally unreasonable because the district court failed to give adequate consideration to the United States Sentencing Commission's proposed elimination of the § 4A1.1(e) "recency" enhancement.

We review a sentence for both procedural and substantive reasonableness. Gall v. United States, 552 U.S. 38, 51 (2007). In determining procedural reasonableness, this court considers whether the district court properly calculated the defendant's advisory guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence.

2

Id. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). An extensive explanation is not required as long as the appellate court is satisfied "'that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" United States v. Engle, 592 F.3d 495, 500 (4th Cir.) (quoting Rita v. United States, 551 U.S. 338, 356 (2007) (alterations in original), cert. denied, 131 S. Ct. 165 (2010).

When a claim concerning the reasonableness of a sentence is preserved, this court reviews the issue for an abuse of discretion. United States v. Lynn, 592 F.3d 572, 576, 579 (4th Cir. 2010). If the district court abused its discretion, this court will "reverse unless . . . the error was harmless." Id. at 576. Where the district court commits error, the Government bears the burden of demonstrating that the error was harmless. Id. at 585.

The Government contends that because Aguilera-Aguila did not object at the sentencing hearing to the assessment of the criminal history point under the USSG § 4A1.1(e) recency enhancement, this court should review for plain error the

3

adequacy of the district court's consideration of the proposed amendment to eliminate the recency enhancement. However, as the Government concedes, Aguilera-Aguila raised the issue in his written objections. "[O]nce a party raises an objection in writing, if he subsequently fails to lodge an oral on-the-record objection, the error is nevertheless preserved for appeal." United States v. Medina-Anicacio, 325 F.3d 638, 642 (5th Cir. 2003); see also Lynn, 592 F.3d at 583-84 (party may preserve its sentencing objections through written papers or in-court arguments prior to sentencing). By filing written objections to the assessment of the single criminal history point under USSG § 4A1.1(e) based on the pending elimination of the recency enhancement, Aguilera-Aguila preserved his issue for appeal.

"Sentencing courts are statutorily required to state their reasons for imposing a particular sentence." United States v. Boulware, 604 F.3d 832, 837 (4th Cir. 2010). In this case, the sentencing transcript is devoid of any explanation for Aguilera-Aguila's sentence. Accordingly, we conclude that the district court abused its discretion by failing to adequately address Aguilera-Aguila's objection and his sentence.

Once it is determined that a court abused its discretion, the next inquiry is whether the error was harmless. Lynn, 592 F.3d at 576. Under the harmless error standard, "the [G]overnment may avoid reversal only if it demonstrates that the

4

error did not have a substantial and injurious effect or influence on the result" and this court can say "that the district court's explicit consideration of [the defendant's] arguments would not have affected the sentence imposed." Boulware, 604 F.3d at 838 (internal quotation marks omitted; alterations in original).

The Government cannot meet this burden. Aguilera-Aguila's total offense level was thirteen. With the one-point § 4A1.1(e) recency enhancement, Aguilera-Aguila had seven criminal history points, which resulted in a Guidelines range of twenty-four to thirty months. USSG ch. 5, pt. A (sentencing table). Had he not received a criminal history point under USSG § 4A1.1(e), he would have had six criminal history points, which would have placed him in criminal history category III, resulting in a Guidelines range of eighteen to twenty-four months. USSG ch. 5, pt. A (sentencing table). Aguilera-Aguila's twenty-four month sentence thus is at the bottom of the Guidelines range with the recency enhancement, but at the top of the Guidelines range if the recency enhancement is removed. The single criminal history point under USSG § 4A1.1(e) increased Aguilera-Aguila's criminal history category and thus had a significant impact on his Guidelines range. The Government cannot demonstrate that Aguilera-Aguila's sentence was not affected by the district court's failure to explicitly consider

Aguilar-Aguila's objections pertaining to the proposed Guidelines amendment to eliminate the recency provision because it cannot show that, if the court had adequately considered the proposed amendment, it would not have downwardly departed or varied from the Guidelines range.

Accordingly, we vacate Aguilera-Aguila's sentence and remand for resentencing consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

6