**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4098**

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

     v.

JERRY LEE EDWARDS, a/k/a Magic,

           Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:14-cr-00034-MOC-DSC-1)

Submitted: October 31, 2016      Decided: November 21, 2016

Before MOTZ, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jeffrey W. Gillette, GILLETTE LAW FIRM, PLLC, Franklin, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury indicted Jerry Lee Edwards for possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a) (2012); possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a); possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (2012); and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2012). Edwards moved to suppress the evidence seized during his arrest and the district court denied the motion. Edwards then waived his right to a jury trial, and stipulated to facts sufficient to demonstrate his guilt of the offenses, to preserve his right to appeal the denial of his suppression motion. The district court found Edwards guilty and sentenced him to 130 months of imprisonment. Edwards appeals, challenging the district court's order denying his suppression motion and his sentence. For the reasons that follow, we affirm.

Edwards first argues that the district court erred in determining that officers had reasonable suspicion to stop him. "We review the factual findings underlying a motion to suppress for clear error and the district court's legal determinations de novo." United States v. Davis, 690 F.3d 226, 233 (4th Cir. 2012). When the district court has denied a defendant's

2

suppression motion, we construe the evidence in the light most favorable to the government.  Id.

"The Fourth Amendment permits an officer to make an investigative detention or stop only if supported by a reasonable and articulable suspicion that the person seized is engaged in criminal activity."  United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011) (internal quotation marks omitted).  The officer must have "at least a minimal level of objective justification" and "must be able to articulate more than an inchoate and unparticularized suspicion or hunch of criminal activity."  Illinois v. Wardlow, 528 U.S. 119, 123-24 (2000) (internal quotation marks omitted).  Courts assess whether an officer has articulated reasonable suspicion for a stop under the totality of the circumstances, giving "due weight to common sense judgments reached by officers in light of their experience and training."  United States v. Perkins, 363 F.3d 317, 321 (4th Cir. 2004).

The analysis of reasonable suspicion must take into account all the factors known to the officer at the time.  See United States v. Branch, 537 F.3d 328, 339-40 (4th Cir. 2008).  "The reasonable suspicion inquiry is fact-intensive, but individual facts and observations cannot be evaluated in isolation from each other."  United States v. Hernandez-Mendez, 626 F.3d 203, 208 (4th Cir. 2010).  Moreover, "factors consistent with

3

innocent travel can, when taken together, give rise to reasonable suspicion." United States v. Foreman, 369 F.3d 776, 781 (4th Cir. 2004) (emphasis omitted). It is not enough, however, for an officer to articulate factors that are not probative of behavior in which few innocent people would engage; "[t]he articulated factors together must serve to eliminate a substantial portion of innocent travelers before the requirement of reasonable suspicion will be satisfied." Foreman, 369 F.3d at 781.

We have thoroughly reviewed the record and the relevant legal authorities and conclude that the officers here had reasonable suspicion for the stop of Edwards in a motel parking lot based on the factors identified by the district court. These factors include: 1) that the officers stopped Edwards in a parking lot of a motel known for drugs and prostitution; 2) that this motel was in a generally high-crime area; 3) that instead of moving from his parked car to the motel, Edwards remained in his car, which did not have any lights on; and 4) that the car parked across two spaces in the motel parking lot. The fact that parking outside the lines of a parking spot violates a city ordinance only bolstered the officers' reasonable suspicion to stop Edwards. Branch, 537 F.3d at 335 ("Observing a traffic violation provides sufficient justification for a police officer to detain the offending

4

vehicle for as long as it takes to perform the traditional incidents of a routine traffic stop."); see also United States v. Wilson, 2 F.3d 226, 231 (7th Cir. 1993) (violation of ordinance against exiting a moving vehicle justifies investigatory stop).

The district court concluded that the vehicle was parked between two parking spaces and Edwards does not challenge that factual finding. Based on the officers' observations, there was reasonable suspicion to investigate, even if the violation of the ordinance, for example, was a pretext for the stop. See Whren v. United States, 517 U.S. 806, 813 (1996). Once officers approached the vehicle and witnessed Edwards in possession of marijuana, they had probable cause for his arrest. Therefore, the district court's denial of Edwards' suppression motion does not constitute reversible error.

Edwards also challenges the district court's attribution of an extra criminal history point to his North Carolina common law robbery convictions, arguing that those convictions were not for crimes of violence and that since they were consolidated for sentencing, the extra criminal history point was incorrectly applied under U.S. Sentencing Guidelines Manual § 4A1.1(e) (2015). However, as the Government correctly argues, Edwards waived appellate review of this issue. "A waiver is the intentional relinquishment or abandonment of a known right."

United States v. Robinson, 744 F.3d 293, 298 (4th Cir. 2014) (internal quotation marks omitted).  A waiver is distinguishable from a forfeiture, which involves the failure to timely assert a right.  Id.  Where courts may review a forfeited claim for plain error, a claim that has been waived is not reviewable on appeal, even for plain error.  Id.  Here, Edwards filed an objection on this basis to the initial presentence report, but explicitly stated at the sentencing hearing that he had no outstanding objections to the revised PSR and agreed with the Guidelines calculations.  This waived Edwards' claim.  See id. ("A party who identifies an issue, and then explicitly withdraws it, has waived the issue.") (internal quotation marks omitted).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED