**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4378**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

BERNARDO EUGENE FORD, JR., a/k/a Smooth Smiley, a/k/a Smiley,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Gerald Bruce Lee, District Judge.  (1:16-cr-00149-GBL-1)

Submitted:  February 1, 2018      Decided:  February 12, 2018

Before WILKINSON, NIEMEYER, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert L. Jenkins, Jr., BYNUM & JENKINS, PLLC, Alexandria, Virginia, for Appellant. Dana J. Boente, United States Attorney, Michael D. Minerva, Special Assistant United States Attorney, Carina Cuellar, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bernardo Eugene Ford, Jr., was charged with Hobbs Act Conspiracy, 18 U.S.C. § 1951 (2012), Hobbs Act Robbery, 18 U.S.C. §§ 2, 1951 (2012), and use of a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c)(1)(A)(iii) (2012), in connection with the armed robbery and death of Babtunde E. Fadahunsi.

Prior to trial, Ford sought to exclude evidence of Facebook communications between himself and an unidentified person that occurred three days before the robbery and killing of Fadahunsi, in which they discussed plans to rob a drug dealer. After the Government filed a response asserting that the evidence was admissible, Ford filed a reply conceding that the Facebook messages between Ford and his co-conspirator were admissible as intrinsic evidence. The district court entered an order allowing the admission of such evidence and stating Ford "does not object to the Government's use of this intrinsic evidence."

The jury returned guilty verdicts against Ford as to all three charges. The district court sentenced him to 240 months each on the Hobbs Act Conspiracy and the Hobbs Act Robbery counts, to run concurrently, and 180 months on the firearm charge, to be served consecutive to the sentence on the other two charges, for a total sentence of 420 months.

On appeal Ford contends that the trial court erred by denying his motion to exclude evidence of uncharged conduct. Specifically, he challenges the admission of the Facebook communications between himself and another individual discussing plans to rob a drug dealer.

2

"[W]aiver is the intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (internal quotation marks omitted). "A party who identifies an issue, and then explicitly withdraws it, has waived the issue," and the waived issue "is not reviewable on appeal, even for plain error." *United States v. Robinson*, 744 F.3d 293, 298 (4th Cir. 2014) (internal quotation marks omitted).

We conclude that, because Ford, in the district court, conceded the admissibility of the evidence he now seeks to challenge, he has waived appellate review of that issue. Accordingly, we affirm the district court's judgment. We deny Ford's motions for leave to file pro se supplemental briefs. *See United States v. Penniegraft*, 641 F.3d 566, 569 n.1 (4th Cir. 2011). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*