# UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 17-4426**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

      v.

MICHAEL ANTHONY DONALDSON, a/k/a David Anthony Jennings, a/k/a David Ray Archer, a/k/a Sidney George Moody, a/k/a Perry Swain,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. M. Hannah Lauck, District Judge. (3:17-cr-00013-MHL-1)

———————————

Submitted: March 19, 2018                       Decided: April 19, 2018

———————————

Before AGEE, KEENAN, and FLOYD, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Geremy C. Kamens, Federal Public Defender, Alexandria, Virginia, Joseph S. Camden, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. Dana J. Boente, United States Attorney, Alexandria, Virginia, S. David Schiller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Anthony Donaldson, a native and citizen of Jamaica who was removed from the United States in 1996 following his conviction for an aggravated felony offense, pled guilty to illegally reentering this country without authorization, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012), and received a 50-month sentence. This appeal concerns the reasonableness of Donaldson's sentence, which was within the advisory Sentencing Guidelines range of 46-57 months.

Critical to the issues on appeal are the factual findings that controlled the computation of Donaldson's Guidelines range. Specifically, the probation officer detailed the offense conduct, which referenced Donaldson's prior convictions for drug and firearm offenses. The presentence report further noted that Donaldson illegally reentered the United States after he was removed in 1996, but that his date and point of reentry were unknown. The probation officer recited that, during a 2016 interview with immigration officials, Donaldson admitted that he last reentered the United States in the 1990s, and that Donaldson's criminal record revealed that he was arrested in New York City on March 17, 1999. The probation officer thus utilized March 17, 1999, as the earliest date of relevant conduct for scoring purposes.

The probation officer initially assigned Donaldson a base offense level of 8, pursuant to U.S. Sentencing Guidelines Manual § 2L1.2(a) (2016). This was increased by 10 levels because Donaldson was convicted of a felony offense that involved a sentence of 5 years or more before he was removed from the United States. *See* USSG § 2L1.2(b)(2)(A). Although this conviction occurred in  1995 and the illegal reentry

2

charge was from 2015, this conviction supported the 10-level increase because it occurred within 15 years of the determined date of last illegal reentry—March 17, 1999. *See* USSG § 2L1.2(b)(2)(A) & cmt. n.3; USSG § 4A1.1(a) & cmt. n.1; USSG § 4A1.2(e).[1] Another 4 levels were added, pursuant to USSG § 2L1.2(b)(3)(D), because Donaldson was convicted of another felony offense *after* he was removed from the United States. With a 3-level reduction for acceptance of responsibility, Donaldson's total adjusted offense level was 19. Together with Donaldson's placement in criminal history category IV, the resulting Guidelines range was 46 to 57 months in prison.

The first argument Donaldson presses on appeal is that the district court plainly erred in determining that the last illegal reentry date was March 17, 1999, and utilizing that as the relevant conduct date for calculating his adjusted offense level and criminal history score. Donaldson also advances a more generalized challenge to the procedural reasonableness of the sentence. Finally, Donaldson contends that the 50-month selected sentence is substantively unreasonable because "the recent revisions to § 2L1.2 have introduced irrational distinctions with no reference to the [18 U.S.C.] § 3553(a) [(2012)] factors." (Appellant's Br. at 30). For the reasons that follow, we affirm.

Donaldson first contends that the district court committed reversible procedural error in utilizing March 17, 1999, as the relevant conduct date in terms of determining

---

[1] Taken together, these provisions provide that, to determine whether a prior conviction supports a sentencing enhancement under USSG § 2L1.2(b), it must have been sustained within the 15-year look-back period applicable for criminal history scoring. This period runs from the defendant's commencement of the instant offense, which "includes any relevant conduct." USSG § 4A1.2 cmt. n.8.

Donaldson's last illegal reentry. Donaldson asserts that the district court's statements at sentencing establish that it rejected this factual determination, which was set forth in the PSR, and thus erred in accepting the calculated Guidelines range. The Government counters that Donaldson waived his right to appeal his Guidelines calculation on this basis by relinquishing his objection to the last illegal entry date and agreeing with the Guidelines range calculated in the PSR. We agree with the Government.

"A waiver is the intentional relinquishment or abandonment of a known right," while forfeiture is "the failure to make the timely assertion of a right." *United States v. Robinson*, 744 F.3d 293, 298 (4th Cir. 2014) (internal quotation marks omitted). "A party who identifies an issue, and then explicitly withdraws it, has waived the issue." *Id.* (internal quotation marks omitted). While forfeited claims can be reviewed on appeal for plain error, a claim that has been waived cannot be reviewed under any standard because "a valid waiver means that there was no error at all." *Id.* (internal quotation marks omitted).

This court has held in multiple cases that a defendant who raises objections to the PSR before sentencing and then at sentencing states unequivocally that he has no objections to the PSR has abandoned those objections and waived the right to appeal those issues. *See id.* at 298-300; *United States v. Ford*, 711 F. App'x 150, 151 (4th Cir. 2018); *United States v. Edwards*, 666 F. App'x 253, 255-56 (4th Cir. 2016); *United States v. Thornsbury*, 598 F. App'x 182, 183 (4th Cir. 2015). In the sentencing brief and at the sentencing hearing, defense counsel not only stated that Donaldson declined to persist in his objection to the determination of the relevant conduct date, but specifically

4

and unequivocally affirmed that the Guidelines range was calculated correctly because the March 1999 triggering date was proper. Donaldson likewise advised the court that he understood that counsel was withdrawing the objection to this determination. On this record, we agree that Donaldson thus abandoned his objection to the factual determination regarding this triggering date and, in turn, waived the right to appeal that issue.

Donaldson asserts two other assignments of procedural error. First, he contends that the district court misunderstood its authority, under *Kimbrough*,[2] to deviate from his Guidelines range on the basis of the court's disagreement with sentencing policy that influences the Guidelines computations in a given case. This argument fails, though, as it rests on an erroneous construction of the record.

Specifically, Donaldson relies on the court's statement that, "to the extent your lawyer is arguing policy to me, it's not my job to comment on policy or certainly make it." (J.A. 106).[3] But this statement must be considered in context. Immediately prior to making this statement, defense counsel questioned the propriety of the Government's decision to prosecute Donaldson for illegal reentry, suggesting it was a bad policy decision given that Donaldson had completed his state term of incarceration and was

---

[2] *Kimbrough v. United States*, 552 U.S. 85 (2007) (holding that a district court may deviate from the advisory Guidelines range for crack cocaine offenses based on its conclusion that the disparity between ranges for crack and powder cocaine results in a sentence greater than necessary to achieve the sentencing goals of § 3553(a)).

[3] Citations to the "J.A." refer to the Joint Appendix submitted by the parties.

slated for removal. The court responded that it did not make such prosecutorial decisions and that it had to deal with the case then before it. The decision as to whether to prosecute an offender for a separate federal offense is not within the court's purview, and the record makes clear that this is what prompted the court's statement that forms the basis for the *Kimbrough* argument. We thus hold that this assignment of procedural sentencing error is without merit.

Donaldson next complains that the district court did not respond to one of his nonfrivolous arguments in favor of a below Guidelines sentence, to wit: that utilizing the 1999 arrest as the relevant conduct date disproportionately affected the computation of the Guidelines range and that a downward variance was necessary to conform the sentence to the objectives in § 3553(a). We find no error in this regard.

The impact of the relevant conduct determination was at the forefront of this sentencing. In rejecting counsel's request for a downward variance, the court opined that the Guidelines range was not disproportionate because, unlike other aliens who illegally reenter the United States after removal, Donaldson committed this offense after being convicted of a felony offense, and thus that the Guidelines punished his conduct more severely was sound. The court also explained the various § 3553(a) factors that it found to be determinative in this case, to wit: Donaldson's history and characteristics, including the drug trafficking activities he engaged in while illegally in this country; the need to impose a sentence that would promote respect for the law; and the need to impose a sentence that would deter Donaldson from continuing to engage in criminal conduct and again illegally reentering the United States.

The district court observed that the Guidelines computation was correct "because there is the previous conviction, and the earlier one, which also comes back into play because you were deported and came back, and the record indicates that that's what happened." (J.A. 106). This statement, considered in the context of the sentencing proceeding as a whole, reflects the district court's agreement with how the 15-year look-back period was applied in this case. In our view, this satisfied the district court's obligation to respond to counsel's contention that the age of this conviction justified a deviation from the Guidelines range. *Rita v. United States*, 551 U.S. 338, 356 (2007) (explaining that the district court must offer enough explanation "to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority"); *United States v. Lynn*, 592 F.3d 572, 584 (4th Cir. 2010) (observing that, in *Rita*, "the appellate court could look to the district court's lengthy discussion with, and questioning of, defense counsel and determine that the district court understood the defendant's arguments for a reduced sentence and had reasons for rejecting those arguments").

We turn, finally, to Donaldson's challenge to the substantive reasonableness of his sentence. Donaldson contends that, as recently revised, USSG § 2L1.2 "does not accurately reflect the § 3553(a) factors in any given case" (Appellant's Br. at 27), and that "[a] showing that the Guidelines themselves are divorced from § 3553(a) therefore attack[s] both the conclusions of the [Sentencing] Commission and the district court and can 'rebut' the presumption" of substantive reasonableness afforded a within-Guidelines sentence (*id*. at 29-30). Donaldson thus presents an overarching challenge to the

7

propriety or fairness of USSG § 2L1.2 as amended. However, "the proper forum in which to raise [such an] issue is Congress or the Sentencing Commission, not a federal court."[4] *United States v. Johnson*, 445 F.3d 339, 344 (4th Cir. 2006).

For these reasons, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[4] Donaldson contends that this court has authority, after *Rita* and *Kimbrough*, to conduct this type of generalized fairness review of a guideline. But *Johnson* has not been overruled, and one panel of this court may not overrule the precedent set by another panel. *United States v. Bullard*, 645 F.3d 237, 246 (4th Cir. 2011). Accordingly, we decline to consider Donaldson's policy-based challenge to USSG § 2L1.2 as amended.