**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4045**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER ANDRE ROYAL, a/k/a G,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, Chief District Judge.  (5:16-cr-00317-BO-2)

Submitted:  October 25, 2018                    Decided:  November 13, 2018

Before WYNN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Deborrah L. Newton, NEWTON LAW, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Seth Morgan Wood, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Andre Royal appeals following his guilty plea to nine narcotics offenses[*] and to possessing a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (2012), and the imposition of an aggregate 108-month downward variant sentence. Royal asserts on appeal three challenges to the procedural reasonableness of his sentence. For the reasons that follow, we affirm the criminal judgment.

We review every federal sentence for reasonableness, employing an abuse of discretion standard. *United States v. Lymas*, 781 F.3d 106, 111 (4th Cir. 2015). Reasonableness review first requires that we consider whether the district court committed a significant procedural error, such as improperly calculating the defendant's Sentencing Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, or failing to adequately explain the chosen sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007).

Royal's first claims of procedural error relate to the district court's silence in the face of his objections to the presentence report. Specifically, Royal's first attorney

---

[*] These convictions include one count of conspiracy to distribute and to possess with intent to distribute an unspecified quantity of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2012); three counts of possession with intent to distribute unspecified quantities of heroin, and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (2012); three counts of distributing unspecified quantities of heroin, in violation of 21 U.S.C. § 841(a)(1); and two counts of possession with intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1). We refer to these convictions herein as the "grouped narcotics offenses."

objected to the recommendation that 1,776 grams of heroin be attributed to Royal for sentencing purposes and to the two-level enhancement for obstruction of justice. The Government counters that Royal waived his right to challenge the district court's failure to rule on these objections and, concomitantly, the propriety of these determinations, by agreeing at sentencing with the Guidelines range calculated in the PSR and utilized by the district court. We agree.

"A waiver is the intentional relinquishment or abandonment of a known right," while forfeiture is "the failure to make the timely assertion of a right." *United States v. Robinson*, 744 F.3d 293, 298 (4th Cir. 2014) (internal quotation marks omitted). "A party who identifies an issue, and then explicitly withdraws it, has waived the issue." *Id.* (internal quotation marks omitted). While forfeited claims can be reviewed on appeal for plain error, a claim that has been waived cannot be reviewed under any standard because "a valid waiver means that there was no error at all." *Id.* (internal quotation marks omitted).

We have held in multiple cases that a defendant who raises objections to the PSR before sentencing and then, at sentencing, states unequivocally that he has no objections to the PSR, has abandoned those objections and waived the right to appeal those issues. *See id.* at 298-300; *United States v. Ford*, 711 F. App'x 150, 151 (4th Cir. 2018) (No. 17-4378); *United States v. Edwards*, 666 F. App'x 253, 255-56 (4th Cir. 2016) (No. 16-4098); *United States v. Thornsbury*, 598 F. App'x 182, 183 (4th Cir. 2015) (No. 14-4498). At Royal's sentencing hearing, defense counsel twice noted his agreement with the calculated Guidelines range put on the record by the district court, thus declining to

persist in the previously filed objections. While the district court did not directly ask defense counsel if he was abandoning the objections, such a question was not warranted given that counsel twice agreed with the Guidelines computations recited by the court, which were consistent with the PSR. By concurring with the Guidelines computations utilized by the court, we agree that Royal abandoned his Guidelines objections and, in turn, waived the right to appeal the computational issues or to assign error to the district court's failure to address the Guidelines objections.

Royal's next and final argument is that the district court procedurally erred in failing to adequately explain the reasons for the selected sentence. On this record, we agree with the Government that any such procedural error is harmless.

When rendering a sentence, the district court must make and place on the record an individualized assessment based on the facts of the case. *United States v. Carter*, 564 F.3d 325, 328, 330 (4th Cir. 2009). While the sentencing court must state the specific bases for the selected sentence, that discussion "need not be exhaustive." *United States v. Avila*, 770 F.3d 1100, 1107 (4th Cir. 2014); *see also United States v. Worley*, 685 F.3d 404, 410 (4th Cir. 2012) (observing that this court has "never required a sentencing court to discuss each § 3553(a) factor in a checklist fashion" (internal quotation marks omitted)). The court's explanation must be sufficient "to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

"Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should

address the party's arguments and explain why he has rejected those arguments." *United States v. Bollinger*, 798 F.3d 201, 220 (4th Cir. 2015) (internal quotation marks omitted). Although it is sometimes possible to discern a sentencing court's rationale from the context surrounding its decision, *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006), "an appellate court may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence[,]" *Carter*, 564 F.3d at 329-30. An insufficient explanation of the sentence imposed constitutes significant procedural error by the district court. *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010).

Where, as here, the defendant preserved the issue of whether the explanation was adequate by arguing for a sentence different than that which was imposed, we review the issue for abuse of discretion. *Id.* If we find such abuse, we must reverse unless we conclude that the error was harmless. *Id.* The Government bears the burden of showing "that the error did not have a substantial and injurious effect or influence on the result and we can say with fair assurance that the district court's explicit consideration of the defendant's arguments would not have affected the sentence imposed." *United States v. Boulware*, 604 F.3d 832, 838 (4th Cir. 2010) (alterations and internal quotation marks omitted).

On review, we conclude that the district court procedurally erred in failing to adequately explain the reasons for the selected downward variant sentence in that the court identified and discussed only one of the § 3553(a) factors, despite defense counsel's arguments related to other sentencing factors. *See United States v. Blue*, 877 F.3d 513,

5

521 (4th Cir. 2017) (explaining that this court will not "assume that a sentencing court truly considered a defendant's nonfrivolous arguments or his individual characteristics when the record fails to make it patently obvious" (internal quotation marks omitted)). However, we accept the Government's alternative contention that this error is harmless. *See Boulware*, 604 F.3d at 839-40.

The record establishes that the court considered, and ultimately accepted, Royal's primary argument for a lower sentence on the grouped narcotics offenses, to wit: to avoid an unwarranted sentencing disparity between Royal and one of his codefendants. The court varied downward on the counts of conviction shared by these defendants—for which the advisory Guidelines range was 135-168 months in prison—to sentence Royal to 48 months on the grouped narcotics offenses. To this the court added the 60-month consecutive sentence mandated by Royal's § 924(c) conviction. As the court acknowledged, this was the major point of distinction between the two defendants and, of course, the court lacked the authority to vary below the five-year mandatory minimum applicable to the § 924(c) conviction. We thus hold that the Government has established that any procedural error in failing to address Royal's other arguments for a greater variance is harmless. *See United States v. Boccone*, 556 F. App'x 215, 243 (4th Cir. 2014) (Nos. 12-4949/4952) (argued but unpublished) (opining that, when the sentencing court awards a "significant downward variance[ ], the district court's failure to adequately explain application of the sentencing factors did not have a substantial and injurious effect or influence on the result of the sentencing proceeding" (internal quotation marks omitted)).

For these reasons, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*