**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4054

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SANTARIO BOYD,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:18−cr−00368−RJC−DSC−1)

Argued: May 7, 2021                                          Decided: July 21, 2021

Before KEENAN, WYNN, and THACKER, Circuit Judges.

Vacated and remanded by published opinion. Judge Wynn wrote the opinion, in which Judge Keenan and Judge Thacker joined.

**ARGUED:** Jared Paul Martin, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Anthony Joseph Enright, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee. **ON BRIEF:** Anthony Martinez, Federal Public Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. R. Andrew Murray, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

WYNN, Circuit Judge:

Santario Boyd pleaded guilty to a single felon-in-possession charge. As part of his sentence, the district court imposed a two-year term of supervised release, subject to the Western District of North Carolina's "standard" conditions.

Boyd challenges five of his supervised release conditions as procedurally and substantively unreasonable. We agree that the district court failed to adequately address nonfrivolous arguments that Boyd made regarding the challenged conditions, rendering their imposition procedurally unreasonable. So, we vacate those conditions and remand for resentencing.

I.

Boyd shot a man in the leg while drunk. He was arrested and pleaded guilty to being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1).[1]

As is customary, the probation office prepared a draft presentence report in advance of sentencing. The last paragraph of that report referred to a website listing the Western District's "standard" supervised release conditions. By standing order, those conditions presumptively apply to any sentence of supervised release "unless affirmatively omitted by the presiding judge."[2]

---

[1] Boyd did not enter a written plea agreement.

[2] *See* Misc. Order No. 3:16-MC-221 (W.D.N.C. Dec. 8, 2016) (Doc. No. 1). Throughout this opinion, we refer to the conditions by their numbering in the court's standing order, rather than as they appear on Boyd's judgment form.

Boyd filed written objections to four of the standard conditions: numbers 11, 12, 16, and 22. Condition 11 would require Boyd to "work full time . . . at lawful employment, unless excused by the probation officer"; Boyd proposed modifying it so that he could either work *or* "actively pursue" employment. Condition 12 would prohibit Boyd from interacting with felons and people "engaged in criminal activity" without permission from his probation officer; Boyd asked that the condition include a scienter requirement, such that he could only be punished for interacting with people he *knew* to be felons or "engaged in criminal activities."[3] Condition 16 would allow probation to notify any person that Boyd posed a "risk" to them; Boyd said the term "risk" was too indefinite. And Condition 22 would require Boyd to share "any [requested] financial information" with probation and further "authorize the release of any [such] information"; Boyd worried that could lead to overreach. S.J.A. 47–48.[4]

---

[3] The government suggests that Boyd's proposed alterations to Conditions 11 and 12 are unnecessary because, in essence, the changes would only serve to make explicit what is already implicit—"that a district court may not revoke supervised release for 'inadvertent violations.'" Response Br. at 40 (quoting *United States v. Van Donk*, 961 F.3d 314, 324–35 (4th Cir. 2020)); *see also United States v. Comer*, No. 19-4466 at 13–14 (4th Cir. 2021). Because we find the district court's imposition of these conditions to be procedurally unreasonable, we refrain from opining on the conditions' substance. That said, it is generally "preferable for the district court to specify limitations in a condition of supervised release in the condition itself [at the time of sentencing], rather than leaving it to the appellate court to interpolate the limitations." *United States v. Thompson*, 777 F.3d 368, 380 (7th Cir. 2015) (Posner, J.).

[4] Citations to "J.A. __" and "S.J.A. __" refer, respectively, to the Joint Appendix and Sealed Joint Appendix filed by the parties in this appeal.

Boyd asserted that, left unchanged, each of these four conditions would cause a greater deprivation of liberty than is reasonably necessary, conflict with relevant sentencing criteria, and/or be impermissibly vague or overbroad. The government offered no response. Probation noted Boyd's objections in an addendum to its final presentence report but made no corresponding changes to the report itself.

The district court ultimately sentenced Boyd to 68 months' imprisonment, followed by two years of supervised release. And the court further ordered that, while on supervised release, Boyd "shall comply with the standard conditions . . . that have been adopted . . . in the Western District," including, of course, Conditions 11, 12, 16, and 22. J.A. 35. The court did not address Boyd's arguments about those conditions.

Shortly after announcing the sentence, the court asked, "[I]s there any legal reason why the sentence should not be imposed as stated?" J.A. 35. Boyd's counsel replied, "No, Your Honor. I would simply ask for [Condition] 20"—a warrantless-search condition not previously objected to—"[to] be based on reasonable suspicion that's individual and specific to Mr. Boyd." *Id.* The court denied that request, stating that the standard conditions "are warranted in every case, but especially in [Boyd's] case [given his] history of probation revocation [and] committing offenses while on probation." J.A. 35–36.

II.

On appeal, Boyd challenges the court's imposition of the five supervised release conditions detailed above—the four addressed in his written objections to the draft presentencing report (Conditions 11, 12, 16, and 22), and the one discussed orally at sentencing (Condition 20)—as both procedurally and substantively unreasonable.

4

We ordinarily review conditions of supervised release for abuse of discretion. *United States v. Holman*, 532 F.3d 284, 288 (4th Cir. 2008). But the government contends that Boyd failed to preserve the arguments he presses in this appeal, waiving some and forfeiting others. Forfeited arguments are reviewed for plain error. *United States v. Robinson*, 744 F.3d 293, 298 (4th Cir. 2014). And waived arguments are not reviewable at all. *Id.* So, before turning to the merits, we must first decide whether the government is correct and, if any of Boyd's arguments have been waived or forfeited, adjust our standard of review accordingly.

## A.

Starting with waiver: As noted, Boyd lodged written objections to four supervised release conditions at the time of the draft presentence report. Those objections were not discussed *at all* at sentencing, and the government now argues that Boyd waived them.

A party that raises an objection and then explicitly withdraws it waives that objection. *Id.* But it does not follow that, having objected in writing, a party must repeat its objection orally in order to preserve it. *See United States v. Aguilera-Aguila*, 435 F. App'x 260, 262 (4th Cir. 2011) (per curiam) (written objection preserved even though it wasn't reiterated at sentencing hearing). To our knowledge, no court has imposed that kind of rigid "reminder requirement" to avoid waiver. We won't be the first.

Still, the government highlights two exchanges from Boyd's sentencing colloquy that it says amounted to an affirmative withdrawal of his written objections. First, near the beginning of the sentencing hearing, the court said it would "be glad to hear from [counsel] on any objections to the presentence report." J.A. 27. Boyd's counsel responded, "We do

5

not have any objections to go over at this time, Your Honor." *Id.* Second, as mentioned above, the court asked after announcing the sentence whether there was "any legal reason why the sentence should not be imposed as stated[.]" J.A. 35. Boyd's counsel replied, "No, Your Honor," before going on to ask that Condition 20 be modified to include a reasonable-suspicion component. *Id.*

Could Boyd's counsel have been more careful with her responses? Certainly.[5] But waiver is "the intentional relinquishment or abandonment of a known right." *Wood v. Milyard*, 566 U.S. 463, 474 (2012) (quotation marks omitted). And we are hard pressed to see how, through the above discourse, Boyd meant to junk his prior objections. As the government notes, we have previously found waiver where a defendant "explicitly stated at the sentencing hearing that he had no outstanding objections" to a revised presentence report and "agreed with" the component of his sentence later challenged on appeal. *United States v. Edwards*, 666 F. App'x 253, 255–56 (4th Cir. 2016) (per curiam). But here, in contrast, Boyd's counsel simply stated that she did not "have any objections to go over *at this time*." J.A. 27 (emphasis added). We are reluctant to read waiver into a statement that, at most, is subject to several plausible interpretations. *See United States v. Stout*, 415 F.2d 1190, 1192–93 (4th Cir. 1969) ("[C]ourts have been disinclined lightly to presume that valuable rights have been conceded in the absence of clear evidence to the contrary."). And

---

[5] In as many words, counsel could have said, "We simply ask Your Honor to consider our written objections to the presentence report."

it's entirely possible that counsel meant only that she did not have anything new to add orally that was not already included in the prior written objections.

Furthermore, "merely answering 'no' to the district court's question regarding awareness of legal reasons why the sentence should not be imposed does not constitute . . . waiver." *United States v. Hinds*, 770 F.3d 658, 665 (7th Cir. 2014). Our waiver principles require that desertion of an issue be clear: A party demonstrates clear abandonment of a previously raised argument when he explicitly withdraws his earlier objections, *Robinson*, 744 F.3d at 298, expressly approves of once-objected-to conditions, *Hinds*, 770 F.3d at 665, or has a more-than-speculative strategic reason to forego his prior opposition, *United States v. Speed*, 811 F.3d 854, 857 (7th Cir. 2016). Responding "no" to a general, "anything else"-style question at the end of a hearing satisfies none of these conditions. Without more, we can't say with confidence that Boyd meant to relinquish his objections. *Wood*, 566 U.S. at 474.

The government suggests that Boyd's failure to orally object was strategic—that he opted not to emphasize his supervised-release-related objections for fear that they might "undercut the force of his argument in favor of a lower prison sentence." Response Br. at 23. But we think the more likely explanation is that, in the context of this run-of-the-mill sentencing, counsel saw oral objections as redundant and opted not to waste the court's time—especially in light of the court's expressed view that the standard conditions are warranted "in every case" and the government's complete silence on the issue. J.A. 35; *cf. United States v. Lynn*, 592 F.3d 572, 578–79 (4th Cir. 2010) ("When the sentencing court has already heard argument and allocution from the parties . . . before pronouncing

7

sentence, we see no benefit in requiring the defendant to protest further." (citations and quotation marks omitted)); *United States v. Román-Huertas*, 848 F.3d 72, 77 (1st Cir. 2017) ("Accepting the district court's ruling and moving to a fallback position is neither waiver nor forfeiture."). Accordingly, we decline to find that Boyd waived his written objections to the presentence report.

B.

Turning to forfeiture: In addition to the four conditions objected to in writing, Boyd objected to a fifth condition at sentencing—"[W]e would just ask if [Condition 20] could be based on reasonable suspicion that's individual and specific to Mr. Boyd." J.A 35. Boyd fleshes out that concise request in his briefing before this Court, arguing that the condition is not reasonably related to relevant sentencing factors; involves a greater deprivation of liberty than is reasonably necessary; and is inconsistent with the Sentencing Commission's policy statements. But the Government contends that those specific arguments are unpreserved because Boyd failed to present them to the district court.[6] Again, we disagree.

Federal Rule of Criminal Procedure 51(b) provides that "[a] party may preserve a claim of error by informing the court . . [1] of the action the party wishes the court to take, or [2] the party's objection to the court's action and the grounds for that objection." Fed. R. Crim. P. 51(b). The Rule envisions that objections will be specific enough to enable a

---

[6] The government also contends in passing that some of the precise arguments Boyd raises on appeal against Conditions 11, 12, 16, and 22 would likewise "be forfeited if they were not waived, because [Boyd] never made those arguments to the district court." Response Br. at 17. But for the same reasons stated herein with respect to Condition 20, we find that Boyd did not forfeit those arguments.

court to correct an alleged error—what this Court and others have called a "reasonable degree of specificity" sufficient to "adequately apprise[] the trial court of the true basis for [the] objection." *United States v. Bennett*, 698 F.3d 194, 199 (4th Cir. 2012) (quoting *United States v. Bostic*, 371 F.3d 865, 871 (6th Cir. 2004)).

Under that rubric, a general objection can suffice so long as context makes the finer, more-specific bases obvious. Moore's Federal Practice § 651.03[2]; *e.g.*, *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 765–66 (2020) (defendant who argued generally for a shorter sentence preserved for appeal his argument that the sentence ultimately imposed was unreasonably long). To that end, "we are obliged on appeal to consider any theory plainly encompassed by the submissions in the underlying litigation." *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 604 (4th Cir. 2004). And "variations" on arguments made below may be pursued, so long as the appealing party "asked both courts to evaluate the same fundamental question." *In re Under Seal*, 749 F.3d 276, 288 (4th Cir. 2014) (discussing *Yee v. City of Escondido*, 503 U.S. 519, 534 (1992)).

Slim as it was, we think Boyd's request that Condition 20 be altered to only permit searches based on "reasonable suspicion that's individual and specific to [him]" sufficiently apprised the district court of the grounds he now advances. J.A. 35. Surely "[j]udges, having in mind their overarching duty under [18 U.S.C. § 3553(a) and § 3583(d)], would ordinarily understand that a defendant in [Boyd's] circumstance was making the argument" that the objected-to condition of supervised release was incompatible with the core tenets of those statutory provisions. *Holguin-Hernandez*, 140 S. Ct. at 766 (quotation marks omitted). And here, it appears the court *did* understand

9

Boyd—it responded that the standard conditions (including Condition 20) were justified "in every case," and that Boyd's criminal history created "an added concern" for rigorous supervision. J.A. 35–36. Thus, we conclude that Boyd presented his objection to Condition 20 with a "reasonable degree of specificity" sufficient to preserve the arguments he makes on appeal. *Bennett*, 698 F.3d at 199. And finding neither waiver nor forfeiture, we proceed under our typical abuse-of-discretion standard.

## III.

District courts have "broad latitude" to impose discretionary conditions of supervised release. *United States v. Armel*, 585 F.3d 182, 186 (4th Cir. 2009). But when they do, they have a duty to explain why. *United States v. McMiller*, 954 F.3d 670, 676 (2020). Under 18 U.S.C. § 3583(d), a court may only impose conditions that (1) are "reasonably related" to the goals of deterrence, public protection, and rehabilitation; (2) affect "no greater deprivation of liberty than is reasonably necessary" to achieve those goals; and (3) are "consistent with any pertinent policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(d). Unless a court adequately explains its reasons for imposing certain conditions, we can't judge whether the § 3583(d) factors have been met. *See McMiller*, 954 F.3d at 676.

The degree of explanation required—"[t]he appropriateness of brevity or length, conciseness or detail, when to write, what to say"—varies with the complexity of a given case. *Rita v. United States*, 551 U.S. 338, 356 (2007). But as a general matter, the more onerous the term of supervised release—whether due to its duration or to the rigor of its conditions—"the greater the justification required." *United States v. Kappes*, 782 F.3d 828,

10

845–46 (7th Cir. 2015); *see also McMiller*, 954 F.3d at 677 ("A defendant's right to know 'why he faces special conditions that will forever modify the course of his life' is substantial." (quoting *United States v. Ross*, 912 F.3d 740, 746 (4th Cir. 2019))). And "[w]hen a defendant presents non-frivolous reasons for imposing a different sentence, the district court must address or consider them and explain why it has rejected them." *United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (quotation marks omitted).

Furthermore, this duty to explain "cannot be satisfied or circumvented through the adoption of a standing order purporting to impose special conditions of supervised release across broad categories of cases or defendants." *McMiller*, 954 F.3d at 676. Rather, courts are expected to make "individualized assessment[s] based on the facts before [them]" and explain sentences in a way that "allow[s] for meaningful appellate review and . . . promote[s] the perception of fair sentencing." *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (quotation marks omitted). "Failure to provide such an explanation constitutes procedural error." *McMiller*, 954 F.3d at 676.

In this case, the whole of the district court's explanation of the supervised release conditions consisted of two sentences:

> [T]he reason that I chose to put Mr. Boyd on two years of supervised release subject to the standard conditions . . . is that I believe those standard conditions are warranted in every case, but especially in this case where there has been a history of probation revocation, committing offenses while on probation, and I count I think five separate probation violations. So there's an added concern for supervision with respect to Mr. Boyd.

J.A. 35–36.

11

The government makes three arguments as to why that minimal explanation passes muster: First, that Boyd's case is a "routine" one in which the district court's explanation "need not [have] be[en] elaborate or lengthy." Response Br. at 26 (quoting *United States v. Arbaugh*, 951 F.3d 167, 174–75 (4th Cir. 2020)). Second, that if we look beyond the court's specific statements regarding supervised release, we will find a "lengthy and thorough" explanation for Boyd's sentence "as a whole." *Id.* at 26, 28. And third, that the district court "expressly adopted" the conditions in the Western District's standing order, thereby demonstrating that it had "undertaken the necessary individualized assessment" of Boyd's case. *Id.* at 28 (quoting *United States v. Rogers*, 961 F.3d 291, 300 (4th Cir. 2020)). None of these arguments are persuasive.

To start, we are unmoved by the suggestion that Boyd's case does not warrant more explanation than the district court provided because it is "routine." No matter how "routine" a case might be, a defendant's sentence is "procedurally unreasonable if the district court . . . fail[s] to address the defendant's nonfrivolous arguments." *Lewis*, 958 F.3d at 243 (citing *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009)).

Boyd's objections to all five of the challenged conditions were nonfrivolous. In the time since Boyd's sentencing, the Western District has revised its own "standard" conditions to reflect the very modifications Boyd requested to Conditions 12 and 20.[7]

---

[7] *See* Misc. Order No. 3:21-MC-0003 (W.D.N.C. Jan. 11, 2021) (Doc. No. 3). In the updated standing order, Condition 12 now only prohibits knowing interactions with

Boyd's proposed modification to the work condition, Condition 11, matches the Sentencing Commission's analogous "standard" condition.[8] And our sister circuits have entertained several arguments similar to Boyd's and, in certain instances, have accepted them. *See, e.g.*, *United States v. Sterling*, 959 F.3d 855, 862–64 (8th Cir. 2020) (vacating a financial disclosure condition, like Condition 22 here, because the term "any requested financial information" is a "hopelessly vague and overbroad term when no context is provided"); *United States v. Cabral*, 926 F.3d 687, 698–99 (10th Cir. 2019) (invalidating a risk-notification condition comparable to Condition 16 on the grounds that it is an improper delegation of judicial power).[9]

On the record before us, it is unclear whether the district court gave Boyd's arguments the consideration they're due. Even under a generous reading, we cannot see how the explanation the district court provided—which merely reveals the court's thinking

---

criminals. *Id.* at 3. And Condition 20 now requires that any warrantless searches be "based upon reasonable suspicion and/or [conducted] with the consent of the defendant." *Id.* at 4.

[8] *Compare* U.S.S.G. § 5D1.3(c)(7) ("If the defendant does not have full-time employment he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so."), *with* S.J.A. 48 ("[Condition 11] should instead require Mr. Boyd to 'work full time (at least 30 hours per week) at lawful employment or actively pursue such employment, unless excused by the probation officer.'").

[9] *See also, e.g.*, *United States v. Ortiz*, 817 F.3d 553, 555 (7th Cir. 2016) (vacating an employment condition requiring the defendant to "seek, and work conscientiously, at lawful employment" because, like Condition 11, it could be read literally to require work even if the defendant cannot find a job); *Kappes*, 782 F.3d at 848–49 (finding a condition that, like Condition 12, forbid the defendant from "associating" with a convicted felon to be "fatally vague" for appearing to "impose strict liability" and failing to define "associate").

13

that Boyd should be subjected to an exacting supervised release scheme—addresses Boyd's specific objections. There may be sound reasons for rigorous supervised release conditions for a defendant in Boyd's circumstances. But, absent a direct explanation, "[w]e cannot assume that a sentencing court truly considered a defendant's nonfrivolous arguments" unless the record makes it "patently obvious." *United States v. Blue*, 877 F.3d 513, 521 (4th Cir. 2017) (quotation marks omitted). Therefore, the court's brief explanation falls short.

No matter, says the government—in addition to its supervised-release-specific statements, the court offered a "lengthy and thorough" explanation of Boyd's sentence "as a whole." Response Br. at 26, 28. Indeed, the district court carefully discussed the advisory Guidelines, the presentence report, the arguments of the attorneys, Boyd's allocution and self-improvement efforts, and the § 3553(a) factors. The court also highlighted the "very serious nature of this shooting offense," Boyd's prior probation violations, and Boyd's historic irreverence for the law. J.A. 33–34.

It is true that a court's overarching explanation of a sentence "as a whole" may be procedurally sufficient in some cases. *United States v. Huntley*, 594 F. App'x 108, 111 (4th Cir. 2014) (per curiam). And we do not expect district courts to "robotically tick through" individual explanations for every condition imposed. *Arbaugh*, 951 F.3d at 174 (quoting *United States v. Powell*, 650 F.3d 388, 395 (4th Cir. 2011)).

However, a sentencing court must always offer enough of an explanation "'to satisfy' us that [it] 'has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decision-making authority.'" *Id.* (quoting *Blue*, 877 F.3d at 518).

14

That means that, if the reasons for a given condition are "self-evident," *McMiller*, 954 F.3d at 677, and a defendant fails to raise nonfrivolous objections, a "sentence-as-a-whole" explanation can suffice. *See Rita*, 551 U.S. at 339 (noting a sentencing court "may say less when [its] decision rests upon the Commission's own reasoning that the Guidelines sentence is proper in the typical case," and where a party has not presented "nonfrivolous reasons for imposing a different sentence"). But where a defendant makes nonfrivolous objections that cast doubt on compliance with § 3583(d), the district court must address them head-on. *Arbaugh*, 951 F.3d at 174. When it fails to do so, we will vacate the sentence and remand for resentencing unless context makes the court's reasons for rejecting the nonfrivolous objections "patently obvious." *Blue*, 877 F.3d at 521. That context is lacking here.

Finally, the government summarily argues that the court's mere "express[] adopt[ion]" of the standard conditions listed in the Western District's standing order provides us with a "crucial objective indication" that the court made the requisite "individualized assessment" in Boyd's case. Response Br. at 28 (quoting *Rogers*, 961 F.3d at 300). But as we have recently made clear, a court may not "rely on a standing order imposing [standard] conditions in all cases" to justify imposing such conditions in a specific case. *McMiller*, 954 F.3d at 676. Every discretionary supervised release condition has to comply with § 3583(d); as the statute makes clear, "[t]he court may order" an additional discretionary condition only "to the extent that such condition" meets the statute's criteria. 18 U.S.C. § 3583(d). And so, the question is whether the specifics of a defendant's case justify a condition's *inclusion*, rather than its exclusion. To that end, a

15

court's wholesale adoption of a menu of standard conditions adds little to the adequacy of its explanation.[10]

IV.

For the stated reasons, we hold that the district court failed to adequately explain its reasons for rejecting Boyd's nonfrivolous arguments and, therefore, abused its discretion. Accordingly, we vacate the sentence with respect to the five challenged conditions of supervised release[11] and remand for resentencing.

*VACATED AND REMANDED*

---

[10] Having found the imposition of the challenged conditions procedurally unreasonable, we cannot (and therefore do not) review the conditions for substantive reasonableness. *Carter*, 564 F.3d at 330 n.4.

[11] *See United States v. Hardin*, 998 F.3d 582, 593 (4th Cir. 2021) (noting that the proper remedy for procedurally unreasonable conditions of supervised release is to vacate the sentence only as to those conditions and remand for further proceedings).