**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4575**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

JOHN PATRICK DILLON,

               Defendant - Appellant.


**No. 19-4576**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

JOHN PATRICK DILLON,

               Defendant - Appellant.


Appeals from the United States District Court for the District of Maryland, at Baltimore. Deborah K. Chasanow, Senior District Judge.  (1:18-cr-00308-DKC-1; 1:18-cr-00309-DKC-1)


Submitted:  October 19, 2021                    Decided:  October 21, 2021

Before GREGORY, Chief Judge, AGEE, Circuit Judge, and SHEDD, Senior Circuit Judge.

---

Vacated and remanded by unpublished per curiam opinion.

---

James Wyda, Federal Public Defender, Cullen Macbeth, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant. Jonathan F. Lenzner, Acting United States Attorney, Judson T. Mihok, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Patrick Dillon pleaded guilty to transportation of child pornography, in violation of 18 U.S.C. §§ 2252(a)(1), 2256, possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), 2256, and possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Dillon to concurrent terms of 216 months' imprisonment and lifetime terms of supervised release for the child pornography convictions, plus a concurrent term of 120 months' imprisonment and 3 years of supervised release for the firearm conviction. On appeal, Dillon argues that he is entitled to a vacatur of his sentence and a remand for resentencing because the district court imposed 13 discretionary conditions of supervised release in the written judgments that were not announced during the sentencing hearing, in contravention of *United States v. Rogers*, 961 F.3d 291, 296-99 (4th Cir. 2020). The Government opposes Dillon's request for a vacatur and remand. For the reasons explained below, we vacate Dillon's sentence and remand for resentencing.

Pursuant to our *Rogers* decision, in order to sentence a defendant to a discretionary condition of supervised release, "the sentencing court must include that condition in its oral pronouncement of a defendant's sentence in open court." *United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021) (citing *Rogers*, 961 F.3d at 296). We have reviewed the record and conclude that the district court did not pronounce at Dillon's sentencing hearing 13 discretionary conditions of supervised release that were included in the written judgments. The remedy for that error "is to vacate the sentence and remand for the district court to resentence [the defendant]." *Id.* at 346.

3

The Government resists a vacatur and remand, however, and argues that we should not recognize and remedy the *Rogers* error in these proceedings for three reasons. First, the Government contends that Dillon should be judicially estopped from prevailing on his *Rogers* argument because, before filing his opening brief, he filed two abeyance motions in this court in which he represented that the sole argument he planned to pursue on appeal was that his firearm conviction is infirm after *Rehaif v. United States*, 139 S. Ct. 2191 (2019). But because *Rogers* was decided after Dillon filed both abeyance motions, we are satisfied that Dillon has not acted in bad faith. And as we have explained, "[w]ithout bad faith, there can be no judicial estoppel." *Zinkand v. Brown*, 478 F.3d 634, 638 (4th Cir. 2007). We thus reject the Government's judicial estoppel contention.

Second, the Government asserts that Dillon has waived any *Rogers* argument through the representations made in his abeyance motions. We again disagree. Contrary to the Government's assertion, we conclude that Dillon has never intentionally relinquished or abandoned any *Rogers* argument in this court. *See United States v. Boyd*, 5 F.4th 550, 555 (4th Cir. 2021).

Third, and finally, the Government argues that Dillon waived his *Rogers* argument because Dillon's trial counsel relied on certain discretionary supervised release conditions recommended in the presentence report when making arguments for an appropriate sentence before the district court. However, the 13 discretionary conditions that were not orally pronounced during the sentencing hearing are different than the specific conditions on which Dillon's counsel's sentencing arguments relied. The Government has thus not convinced us to ignore the *Rogers* error here.

Accordingly, we recognize the *Rogers* error in these proceedings, vacate Dillon's sentence, and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*