**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 20-4282**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GREGORY MICHAEL JOHNSON,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:19-cr-00025-KDB-DCK-1)

_____

Submitted:  December 20, 2021                              Decided:  December 30, 2021

_____

Before KING and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Anthony Martinez, Federal Public Defender, Megan C. Hoffman, Assistant Federal Public Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.  R. Andrew Murray, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Michael Johnson, who is required to register as a sex offender under the Sex Offender Registration and Notification Act ("SORNA"), 34 U.S.C. § 20913, pled guilty, without a written plea agreement, to three counts of failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a). Johnson's obligation to register as a sex offender arose from a 2016 North Carolina conviction following a "no contest" plea to a misdemeanor sexual battery involving Johnson's minor daughter. The district court imposed concurrent 38-month sentences on each count, to be followed by a 10-year term of supervised release. On appeal, Johnson challenges two of the supervised release conditions imposed by the court as procedurally and substantively unreasonable. We conclude that the district court failed to adequately address nonfrivolous arguments that Johnson made regarding the challenged conditions, rendering their imposition procedurally unreasonable. We therefore vacate the challenged conditions and remand for resentencing.

As part of the conditions imposed on Johnson's term of supervised release, the district court ordered that Johnson submit to warrantless searches of "his . . . person, property, house, residence, vehicle, papers, computers . . . , or other electronic communications or data storage devices or media, or office . . . by a United States Probation Officer and such other law enforcement personnel as the probation officer may deem advisable" (J.A. 129)[1] ("the warrantless search condition") and that he

> shall not have any contact, including any association such as verbal, written, telephonic, or electronic communications with any person under the age of

---

[1] "J.A." refers to the joint appendix filed by the parties in this appeal.

2

eighteen (18), *including his own children*, except: 1) in the presence of the parent or legal guardian of said minor; 2) on the condition that the defendant notifies the parent or legal guardian of their conviction or prior history; and, 3) has written approval from the U.S. Probation Officer. This provision does not encompass persons under the age of eighteen (18), such as waiters, cashiers, ticket vendors, etc. with whom the defendant must deal, in order to obtain ordinary and usual commercial services. If unanticipated contact with a minor occurs, the defendant shall immediately remove himself . . . from the situation and shall immediately notify the probation officer.

(J.A. 130 (emphasis added)) ("the contact restriction condition").[2] Prior to sentencing, Johnson noted specific objections to both conditions, contending that the warrantless search condition conflicted with the Sentencing Guidelines and was overly broad, insufficiently tailored to his individual circumstances, and impermissibly infringed on his Fourth Amendment right to be free of unreasonable searches and seizures. He further argued both that the contact restriction condition was more restrictive than reasonably necessary and that it could create unwarranted occupational restrictions.

At sentencing, the district court varied upward and imposed a 38-month sentence. In explaining its sentence, the court emphasized the seriousness of Johnson's serial failure to register and opined that the 38-month sentence would provide just punishment, promote respect for the law, afford general and specific deterrence, and impress upon Johnson the need to remain in compliance with reporting requirements. The court declined to impose the lifetime term of supervised release requested by the Government, but it opined that a ten-year term was appropriate "on the same basis as stated for the variant sentence."

---

[2] The district court added the language "including his own children" at sentencing; the condition adopted by the Western District of North Carolina as "standard" and recommended by the probation officer did not include this language.

3

(J.A. 121).  The district court did not further explain the warrantless search provision.  As to the contact restriction condition, the district court explained that the "condition [was] well supported in the [presentence investigation report], taking into consideration both the underlying sexual offense, and [Johnson's] repeated failure to register as required." (J.A. 123).

District courts enjoy "broad latitude" in crafting special conditions of supervised release, *United States v. Armel*, 585 F.3d 182, 186 (4th Cir. 2009) (internal quotation marks omitted), and "[w]e review special conditions of supervision for abuse of discretion," *United States v. Van Donk*, 961 F.3d 314, 321 (4th Cir. 2020).  A district court can impose a discretionary supervised release condition if it is "reasonably related to" various enumerated factors, 18 U.S.C. § 3583(d)(1), which include "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); the need to adequately deter criminal conduct, 18 U.S.C. § 3553(a)(2)(B); the need to protect the public from the defendant's future crimes, 18 U.S.C. § 3553(a)(2)(C); and the need to provide the defendant with training, treatment, and medical care, 18 U.S.C. § 3553(a)(2)(D).  The condition also must "involve[] no greater deprivation of liberty than is reasonably necessary" to satisfy these factors, 18 U.S.C. § 3583(d)(2), and must be "consistent with any pertinent policy statements issued by the Sentencing Commission," 18 U.S.C. § 3583(d)(3).

When imposing discretionary conditions of supervised release, a district court must provide some explanation as to why the conditions are warranted.  *United States v. Boyd*, 5 F.4th 550, 557 (4th Cir. 2021).  "The degree of explanation required—the appropriateness

4

of brevity or length, conciseness or detail, when to write, what to say—varies with the complexity of a given case." *Id.* (cleaned up). "But as a general matter, the more onerous the term of supervised release—whether due to its duration or to the rigor of its conditions—the greater the justification required." *Id.* (internal quotation marks omitted). And although, in certain circumstances, a court's explanation of the sentence as a whole may sufficiently explain its imposition of supervised release terms, "where a defendant makes nonfrivolous objections that cast doubt on compliance with § 3583(d), the district court must address them head-on." *Id.* at 559.

Here, the district court failed to respond to Johnson's arguments that the imposed conditions were overly broad, insufficiently tailored to his individual circumstances, and impermissibly infringed on his Fourth Amendment rights (as to the warrantless search condition) and were overly restrictive (as to the contact restriction condition, which the court then modified to specifically include Johnson's own children). Because the court failed to "address [these arguments] head-on," *see id.*, we find that the court's explanation for these two challenged conditions was inadequate and, therefore, that the court abused its discretion in imposing them. Because the explanation was inadequate, we vacate the sentence with respect to the two challenged conditions and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*