**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

———————————

**No. 21-4494**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

PAUL GLEN HAMILTON, JR.,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Gina M. Groh, District Judge. (3:19-cr-00010-GMG-RWT-1)

———————————

Submitted: March 31, 2022                                   Decided: April 26, 2022

———————————

Before WILKINSON, AGEE, and RICHARDSON, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:** Aaron D. Moss, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant. Kimberley DeAnne Crockett, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paul Glen Hamilton, Jr., appeals the district court's amended judgment revising a special condition of supervised release. Hamilton pleaded guilty to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2). He was sentenced to 120 months' imprisonment and a life term of supervised release. His sentence included several special conditions of supervision. On appeal, Hamilton challenged three special conditions of supervised release. We affirmed two of the special conditions, but vacated the third and remanded to the district court. *United States v. Hamilton*, 986 F.3d 413, 415 (4th Cir. 2021). We concluded that the special condition instructing that Hamilton "must not work in any type of employment without the prior approval of the probation officer" was not reasonably related to the facts of the case and overbroad. *Id*. at 419. We further "require[d] that any [special] condition be reasonably related to . . . 'the nature and circumstances of the offense and the history and characteristics of the defendant' . . . [and] must 'involve[] no greater deprivation of liberty than is reasonably necessary' to effectuate the statutory purposes." *Id*. (quoting 18 U.S.C. § 3553(a)(1), 18 U.S.C. § 3583(d)(1), (2) (citations omitted)). On remand, the district court narrowed the special condition considerably. Hamilton's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no non-frivolous arguments for appeal. Hamilton was informed of the opportunity to submit a pro se supplemental brief, but declined to do so. The Government did not file a brief. After reviewing the record, we affirm.

2

When imposing discretionary conditions of supervised release, a district court must provide some explanation as to why the conditions are warranted. *United States v. Boyd*, 5 F.4th 550, 557 (4th Cir. 2021). "The degree of explanation required—the appropriateness of brevity or length, conciseness or detail, when to write, what to say—varies with the complexity of a given case." *Id.* (brackets and internal quotation marks omitted). "But as a general matter, the more onerous the term of supervised release—whether due to its duration or to the rigor of its conditions—the greater the justification required." *Id.* (internal quotation marks omitted).

We conclude that the revised special condition of supervision concerning the limitation on employment or volunteer positions Hamilton may seek while on supervised release is reasonably related to the nature and circumstances of the offense and Hamilton's history and characteristics. We further conclude that the revised special condition will provide the probation officer with the necessary parameters in which to exercise his discretion.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Hamilton, in writing, of the right to petition the Supreme Court of the United States for further review. If Hamilton requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hamilton. We dispense

with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*