**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-4369**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ISAAC NATHANIEL WILSON,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:20-cr-00093-FDW-DCK-1)

_____

Submitted:  September 30, 2022                Decided:  October 18, 2022

_____

Before NIEMEYER, THACKER, and RICHARDSON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Chiege Ojugo Kalu Okwara, Charlotte, North Carolina, for Appellant.  Dena J. King, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Isaac Nathaniel Wilson appeals the 70-month sentence imposed following his guilty plea to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). Wilson argues that the district court plainly erred in imposing a Sentencing Guidelines enhancement for using or possessing a firearm in connection with another felony offense. *See* U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2018). In response, the Government contends that Wilson affirmatively waived any challenge to this enhancement and that, in any event, the district court did not plainly err. Because we agree that Wilson has waived his right to challenge the enhancement, we affirm.

"A 'waiver is the intentional relinquishment or abandonment of a known right.'" *United States v. Robinson*, 744 F.3d 293, 298 (4th Cir. 2014) (quoting *Wood v. Milyard*, 566 U.S. 463, 474 (2012)). "Waiver is to be distinguished from forfeiture, which is the failure to make the timely assertion of a right." *Id.* (internal quotation marks omitted); *see United States v. Yu-Leung*, 51 F.3d 1116, 1122 (2d Cir. 1995) (distinguishing forfeiture through failure to object as "a matter of oversight" from waiver through "consciously refrain[ing] from objecting as a tactical matter" (cleaned up)). "[W]hen a claim is waived—as opposed to forfeited[]—it is not reviewable on appeal, even for plain error." *United States v. Morehouse*, 34 F.4th 381, 395 (4th Cir. 2022) (internal quotation marks omitted).

"Our waiver principles require that desertion of an issue be clear." *United States v. Boyd*, 5 F.4th 550, 555 (4th Cir. 2021). We also evaluate the totality of the circumstances to determine whether a waiver was knowing and voluntary. *Robinson*, 744 F.3d at 298-99.

2

"Whether the waiver was valid is a matter of law that we review de novo." *Morehouse*, 34 F.4th at 395 (internal quotation marks omitted).

Here, the record indicates that Wilson intentionally relinquished his right to contest the USSG § 2K2.1(b)(6)(B) enhancement. At sentencing, Wilson and the Government agreed to jointly recommend a sentence of 70 months. Counsel for Wilson argued that the 18 U.S.C. § 3553(a) factors supported the recommended sentence because the Guidelines calculations in the presentence report adequately accounted for the nature and seriousness of Wilson's offense conduct. Notably, when discussing the USSG § 2K2.1(b)(6)(B) enhancement, Wilson's counsel announced to the court, "the parties agree to that in the plea agreement. We aren't going to fight that or object to any of that here today." J.A. 59.[*]

Wilson neither disputes that he strategically declined to challenge the enhancement nor asserts that his waiver of that issue was unknowing or involuntary. And, as a result of the parties' joint sentencing recommendation—which included the enhancement—Wilson received the sentence he expressly requested. We therefore conclude that Wilson has waived appellate review of the USSG § 2K2.1(b)(6)(B) enhancement.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Citations to "J.A. __" refer to the Joint Appendix filed by the parties in this appeal.