**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4687

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHESLEY SHARDAE TONEY,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Sherri A. Lydon, District Judge. (4:22-cr-00062-SAL-1)

Submitted: June 22, 2023                          Decided: June 26, 2023

Before HARRIS and HEYTENS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Casey Price Riddle, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Florence, South Carolina, for Appellant. Adair F. Boroughs, United States Attorney, Tsering Jan Van Der Kuijp, Attorney Advisor, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In August 2022, Chesley Shardae Toney pled guilty to conspiracy to possess with intent to distribute oxycodone, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 21 U.S.C. § 846. On Toney's motion, the district court varied downward from her Sentencing Guidelines range of 51-63 months and imposed a 40-month term of imprisonment. On appeal, Toney asserts that the district court erred in denying a reduction in her Guidelines range to reflect her acceptance of responsibility. *See* U.S. Sentencing Guidelines Manual § 3E1.1 (2021). We affirm.

Because Toney did not preserve the argument for appeal, we review for plain error the district court's decision not to award Toney a reduction for acceptance of responsibility. "To succeed under plain error review, a defendant must show that: (1) an error occurred; (2) the error was plain; and (3) the error affected [her] substantial rights." *United States v. Lockhart*, 947 F.3d 187, 191 (4th Cir. 2020) (en banc). "An error affects a defendant's substantial rights if the error affected the outcome of the district court proceedings." *United States v. Hargrove*, 625 F.3d 170, 184 (4th Cir. 2010) (internal quotation marks omitted). "To satisfy this requirement in the sentencing context, the defendant must show that [s]he would have received a lower sentence had the error not occurred." *Id*. at 184-85 (internal quotation marks omitted).

Even assuming that (a) Toney did not waive this argument by specifically agreeing to the recommended computation of her Guidelines range, which she did, *cf. United States v. Boyd*, 5 F.4th 550, 554-55 (4th Cir. 2021); and (b) the court plainly erred in calculating her Guidelines range, we hold that Toney cannot satisfy the heavy burden that is plain error

2

review because Toney cannot show that the advanced error impacted her substantial rights, *see generally Greer v. United States*, 141 S. Ct. 2090, 2097 (2021) (observing that "[s]atisfying all four prongs of the plain-error test is difficult (internal quotation marks omitted)). At the onset of its sentencing analysis, the district court specifically stated that it would impose the same 40-month sentence even if it erred in calculating Toney's Guidelines range. Such a clear statement by the district court, coupled with the court's thorough assessment of the 18 U.S.C. § 3553(a) sentencing factors, undercuts Toney's claim that the alleged Guidelines error impacted her substantial rights. *See, e.g.*, *United States v. Mills*, 917 F.3d 324, 330-31 (4th Cir. 2019) (ruling that any error in calculating defendant's Guidelines range was harmless, and thus did not warrant remand, because the sentencing court made clear that it "would have imposed the same sentence even had it resolved the challenged Guidelines calculation in the defendant's favor"). Accordingly, we affirm the criminal judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3