**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4635

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSEPH MICHAEL KING, a/k/a Joey King,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph R. Goodwin, District Judge.  (2:19-cr-00301-1)

Submitted:  May 1, 2023                                          Decided:  August 17, 2023

Before DIAZ, Chief Judge, RUSHING, Circuit Judge, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Wesley P. Page, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Lex A. Coleman, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  William S. Thompson, United States Attorney, Kathleen E. Robeson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Michael King pled guilty to attempting to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b).  On appeal, King contends that the district court erred in imposing a $5,000 special assessment under 18 U.S.C. § 3014(a), and in imposing a discretionary condition of supervised release requiring that he submit to searches of his person and property based on reasonable suspicion.  We affirm.

Beginning with the special assessment, § 3014(a) provides that, "in addition to the assessment imposed under [18 U.S.C. §] 3013, the [district] court shall assess an amount of $5,000 on any non-indigent person . . . convicted of an [enumerated] offense," including, as here, attempting to entice a minor to engage in sexual activity.  The $5,000 assessment "shall . . . be collected in the manner that fines are collected in criminal cases."  § 3014(f); *see* 18 U.S.C. § 3572(d)(1) ("A person sentenced to pay a fine or other monetary penalty . . . shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments."); 18 U.S.C. § 3613(b) ("The liability to pay a fine shall terminate the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined.").

King argues that the district court improperly determined that he had the burden to prove his indigence.[*]  As we have explained in the context of a fine, "[t]he defendant bears

---

[*] The parties disagree as to whether King sufficiently preserved for appellate review his challenge to the burden of proof.  Because King's challenge fails under either plain error or de novo review, we do not decide which standard applies.  *See United States v. Spirito*, 36 F.4th 191, 202 n.8 (4th Cir. 2022).

2

the burden of demonstrating his present and prospective inability to pay." *United States v. Aramony*, 166 F.3d 655, 665 (4th Cir. 1999). "[B]ecause the § 3014 special assessment is akin to a fine, a defendant seeking to avoid the special assessment bears the burden of proving his indigence." *United States v. Meek*, 32 F.4th 576, 582 (6th Cir. 2022) (internal quotation marks omitted)); *see United States v. McMiller*, 954 F.3d 670, 675 (4th Cir. 2020) (noting that assessments under § 3014(a) are "to be collected in the same manner as criminal fines"). Accordingly, the district court did not err in determining that King bore the burden to prove his indigence under § 3014(a).

Turning to the search condition, we review discretionary conditions of supervised release for abuse of discretion. *United States v. Boyd*, 5 F.4th 550, 554 (4th Cir. 2021). "District courts have broad latitude to impose discretionary conditions of supervised release." *Id.* at 557 (internal quotation marks omitted). A district court may impose any discretionary condition so long as it "is reasonably related to the statutory sentencing factors referenced in 18 U.S.C. § 3583(d)(1)." *United States v. Douglas*, 850 F.3d 660, 663 (4th Cir. 2017) (internal quotation marks omitted). The condition must "involve[] no greater deprivation of liberty than is reasonably necessary" to satisfy these factors, 18 U.S.C. § 3583(d)(2), and must be "consistent with any pertinent policy statements issued by the Sentencing Commission," 18 U.S.C. § 3583(d)(3).

A district court must explain why a discretionary condition is warranted under § 3583(d). *Boyd*, 5 F.4th at 557. However, "[t]he degree of explanation required—the appropriateness of brevity or length, conciseness or detail, when to write, what to say—varies with the complexity of a given case." *Id.* (cleaned up). At bottom, the district court

3

must provide "enough of an explanation to satisfy us that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decision-making authority." *Id.* at 559 (cleaned up). When "a defendant makes nonfrivolous objections" to a supervised release condition, "the district court must address them head-on." *Id.*

King objected to the search condition, arguing that it failed to adequately protect his constitutional right against unlawful searches and that, if the condition was justified solely to assist probation in supervising him, then it would be justified in every case. The district court agreed that the condition should not be imposed in every case but found that it was appropriate given King's history and characteristics—namely, his significant history of drug abuse, including several instances in which he nearly fatally overdosed on illegal drugs. Thus, the district court based the search condition on permissible statutory considerations.

Furthermore, although King reasserts on appeal that the search condition may impermissibly infringe on his constitutional rights, it is well-established "that the conditional liberty to which those under supervised release are subject entails the surrender of certain constitutional rights." *United States v. Ward*, 770 F.3d 1090, 1099 (4th Cir. 2014). Notably, the Supreme Court has acknowledged that "a condition of release can so diminish or eliminate a released prisoner's reasonable expectation of privacy that a suspicionless search by a law enforcement officer would not offend the Fourth Amendment." *Samson v. California*, 547 U.S. 843, 847 (2006). And King fails to demonstrate that this rule differs when the search is conducted by a probation officer, rather

4

than a law enforcement officer.  Therefore, the district court did not abuse its discretion in imposing the search condition.

Accordingly, we affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*