**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 25-4416

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

KEVLIN JERROD JACKSON, a/k/a Kevlin Jackson,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:21-cr-00091-1)

_____

Submitted:  October 30, 2025                    Decided:  November 7, 2025

_____

Before DIAZ, Chief Judge, and WILKINSON and HEYTENS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Wesley P. Page, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Lex A. Coleman, Senior Litigator, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  Lisa G. Johnston, Acting United States Attorney, Joseph F. Adams, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Huntington, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevlin Jerrod Jackson pled guilty, pursuant to a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Jackson to 15 months' imprisonment followed by three years of supervised release. In his first appeal, Jackson challenged a special condition of his supervised release that permitted warrantless searches of his property, person, and papers. We concluded that the district court's imposition of this condition was procedurally unreasonable, vacated the search condition, and remanded for resentencing. On remand, the district court imposed a modified search condition that was similar to the original condition but added a requirement that the probation officer obtain court approval before conducting the warrantless search. Jackson appealed a second time. He contests the substantive reasonableness of this modified search condition under 18 U.S.C. § 3583(d), arguing that the search condition is not reasonably related to the purposes of supervised release and is a greater deprivation of liberty than necessary. For the following reasons, we grant Jackson's motion to expedite and affirm.

"We review special conditions of supervised release for abuse of discretion, recognizing that district courts have broad latitude in this space." *United States v. Castellano*, 60 F.4th 217, 224 (4th Cir. 2023) (citation modified). However, a district court must adequately explain any special condition. *See United States v. Van Donk*, 961 F.3d 314, 322-23 (4th Cir. 2020). And any special conditions must comply with the requirements of 18 U.S.C. § 3583(d). *See United States v. Ellis*, 984 F.3d 1092, 1098 (4th Cir. 2021). Specifically, the special conditions must be "reasonably related" to the relevant

2

18 U.S.C. § 3553(a) factors, "involve 'no greater deprivation of liberty than is reasonably necessary' to achieve those purposes," and accord with any pertinent policy statements issued by the Sentencing Commission. *Castellano*, 60 F.4th at 225 (quoting 18 U.S.C. § 3583(d)).

As a preliminary matter, we conclude that the district court's explanation for imposing the modified search condition was adequate. *See United States v. Boyd*, 5 F.4th 550, 557 (4th Cir. 2021) ("Unless a court adequately explains its reasons for imposing certain conditions, we can't judge whether the § 3583(d) factors have been met." (citing *United States v. McMiller*, 954 F.3d 670, 676 (4th Cir. 2020))). The district court heard the parties' arguments, addressed Jackson's nonfrivolous objections to the condition, and provided a reasoned explanation for imposing the condition that was sufficient under the circumstances of the case.

We further conclude that the search condition comports with the requirements of 18 U.S.C. § 3583(d). For one, it is reasonably related to the circumstances of the offense, Jackson's history, and the need to afford adequate deterrence and protect the public. Additionally, considering the restrictions on the probation officer's discretion in conducting a search pursuant to the condition, we conclude that the search condition involves no greater deprivation of liberty than is reasonably necessary for the purposes of supervised release. Lastly, we perceive no conflict between the condition and any pertinent policy statements. *See* U.S. Sentencing Guidelines Manual § 5D1.3(d), p.s. (2021) (noting that similar search condition recommended primarily for sex offense cases "may otherwise

3

be appropriate in particular cases).  We therefore discern no abuse of discretion in the imposition of the challenged condition of supervised release.

Accordingly, we grant Jackson's motion to expedite and affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*