**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-4516

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EVERETT CHAD NELSON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (1:24-cr-00251-LMB-1)

Submitted:  April 24, 2026                           Decided:  May 26, 2026

Before WILKINSON and NIEMEYER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

**ON BRIEF:**  Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Assistant Federal Public Defender, Cadence A. Mertz, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Todd W. Blanche, Deputy Attorney General, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; James Reed Sawyers, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Everett Chad Nelson appeals his convictions and the 30-month sentence imposed following a jury trial for assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6); 49 U.S.C. § 46506(1) (Count 1), and assault by striking, beating, or wounding, in violation of 18 U.S.C. § 113(a)(4); 49 U.S.C. § 46506(1) (Count 2). On appeal, Nelson argues that his conviction on Count 1 is not supported by sufficient evidence and that the district court procedurally erred in imposing two special conditions of supervised release.

We review de novo the denial of a motion for judgment of acquittal. *United States v. Zelaya*, 908 F.3d 920, 925 (4th Cir. 2018). We will uphold the jury's verdict if, viewing the evidence in the light most favorable to the Government, substantial evidence supports the verdict. *United States v. Burfoot*, 899 F.3d 326, 334 (4th Cir. 2018). In reviewing the evidence, we ask whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Robinson*, 855 F.3d 265, 268 (4th Cir. 2017) (emphasis and internal quotation marks omitted). During this inquiry, we may not "assess witness credibility," and we must "assume that the jury resolved any conflicting evidence in the prosecution's favor." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018) (internal quotation marks omitted). "A defendant bringing a sufficiency challenge therefore bears a heavy burden, and reversal is warranted only where the prosecution's failure is clear." *United States v. Wysinger*, 64 F.4th 207, 211 (4th Cir. 2023) (internal quotation marks omitted).

To establish a violation of § 113(a)(6), the Government must prove (1) "that the defendant assaulted another person by intentionally striking him; [(2)] that, as a result, the

2

other person suffered serious bodily injury; and [(3)] that the assault took place within the special maritime and territorial jurisdiction of the United States." *United States v. Davis*, 726 F.3d 357, 360 (2d Cir. 2013). "Serious bodily injury" is bodily injury involving "(A) a substantial risk of death; (B) extreme physical pain; (C) protracted and obvious disfigurement; or (D) protracted loss or impairment of the function of a bodily member, organ, or mental faculty." 18 U.S.C. § 1365(h)(3); *see* 18 U.S.C. § 113(b)(2) (incorporating definition from § 1365).

At trial, the victim testified that Nelson punching him was "excruciatingly painful" and felt "almost like [being hit] with a brick." (J.A. 104).[1] He rated his pain during the assault as "[10] or more" out of 10. (J.A. 105). He suffered a broken nose and experienced symptoms consistent with a concussion, including nausea, spots in his vision, and loss of consciousness. And another passenger testified that the assault led the victim to emit "a very loud piercing blood-curdling scream." (J.A. 69; *see also* J.A. 64 (describing victim's "ear-shattering screams")). On these facts, a rational trier of fact could have found beyond a reasonable doubt that the victim suffered extreme physical pain because of the assault. We therefore affirm Nelson's conviction on Count 1.

Regarding the conditions of Nelson's supervised release, the parties agree that the district court did not adequately explain the challenged conditions. A "confession of error by the government respecting a criminal conviction" does not "relieve this court of the performance of the judicial function to examine independently the errors confessed."

---

[1] Citations to "J.A." refer to the joint appendix filed in this appeal.

3

*United States v. Brainer*, 691 F.2d 691, 693 (4th Cir. 1982) (citation modified). Accordingly, even when the Government "concedes the correctness of [the] defendant's view of the law" on appeal, we must still carry out that duty. *Id.*; *see also United States v. Pena*, 952 F.3d 503, 512 (4th Cir. 2020) (recognizing that "we are not bound by the government's concession of error").

Because Nelson objected to the conditions that he challenges on appeal, our review is for abuse of discretion. *See United States v. Boyd*, 5 F.4th 550, 554 (4th Cir. 2021). "[A] sentencing court's duty to provide an explanation for the sentence imposed also requires that the court explain any special conditions of supervised release." *United States v. McMiller*, 954 F.3d 670, 676 (4th Cir. 2020). Specifically, "when a defendant presents non-frivolous reasons for imposing a different sentence, the district court must address or consider them and explain why it has rejected them." *Boyd*, 5 F.4th at 557 (citation modified). "A district court that fails to provide an explanation for the sentence imposed commits reversible procedural error." *United States v. Williams*, 5 F.4th 500, 508 (4th Cir. 2021).

Our review of the record confirms that the district court did not adequately explain the challenged discretionary conditions. Those conditions therefore are procedurally unreasonable.[2] In accordance with the usual remedy for such errors, *see, e.g.*, *Boyd*, 5 F.4th

---

[2] Because the conditions are procedurally unreasonable, we decline to address Nelson's contention that they are substantively unreasonable. *See Boyd*, 5 F.4th at 557 ("Unless a court adequately explains its reasons for imposing certain conditions, we can't judge whether the [18 U.S.C.] § 3583(d) factors have been met.").

4

at 560 & n.11, we vacate the procedurally unreasonable conditions and remand for a limited resentencing, during which the district court can decide whether to reimpose the vacated conditions and, if so, explain its reasons for imposing those conditions.

Accordingly, we affirm Nelson's convictions, vacate the sentence as to Special Conditions 1 and 4, and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*