**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-4221**
_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LETHEN DELSTONIO POLLACK, JR., a/k/a Mooky,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:18-cr-00164-D-1)

_____

Submitted:  January 18, 2022                    Decided:  February 10, 2022

_____

Before GREGORY, Chief Judge, and MOTZ and RICHARDSON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Joshua L. Rogers, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lethen Delstonio Pollack, Jr., pleaded guilty to distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court sentenced Pollack to 57 months' imprisonment and three years of supervised release and imposed discretionary conditions of supervised release. Pollack appealed, and we affirmed Pollack's conviction but vacated Pollack's sentence and remanded for resentencing pursuant to *United States v. Singletary*, 984 F.3d 341, 345-46 (4th Cir. 2021) (explaining that, in order to sentence a defendant to a discretionary condition of supervised release, the district court must include that condition in its oral pronouncement of sentence), and *United States v. Rogers*, 961 F.3d 291, 297 (4th Cir. 2020) (same). *United States v. Pollack*, 836 F. App'x 160, 162 (4th Cir. 2021). On remand, the district court conducted a resentencing hearing and imposed the same 57-month sentence of imprisonment and three-year term of supervised release. The court also orally pronounced each mandatory and discretionary condition of supervised release to which Pollack would be subjected.

Pollack now appeals from the amended criminal judgment entered on remand. Pollack's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Pollack's sentence is reasonable. For the reasons stated below, we affirm.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the [Sentencing] Guidelines range.'" *United States v. Nance*, 957 F.3d 204, 212 (4th Cir.) (first alteration in original) (quoting *Gall v. United States*, 552

2

U.S. 38, 41 (2007)), *cert. denied*, 141 S. Ct. 687 (2020). In performing that review, we are obliged to first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.* (citing *Gall*, 552 U.S. at 51).

If "the district court has not committed procedural error," we then assess the substantive reasonableness of the sentence. *Id.* Our substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (internal quotation marks omitted). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

As to the procedural reasonableness of Pollack's sentence of imprisonment, we conclude that the district court did not err. The court correctly calculated the Guidelines range, adequately considered the § 3553(a) factors, provided a meaningful explanation for the sentence that it chose, and sufficiently addressed defense counsel's arguments for a lesser sentence. *See Gall*, 552 U.S. at 49-51. We are thus satisfied that Pollack's prison sentence is procedurally reasonable.

We also conclude that nothing in the record rebuts the presumption of substantive reasonableness afforded to Pollack's 57-month sentence. The district court reasonably

3

emphasized that Pollack's relevant conduct included participating in the gang-beating of another person over a small drug debt.  The court also properly stressed that Pollack had not accepted responsibility for his actions and that he had attempted to obstruct justice by providing materially false information to the court.  Additionally, the court was appropriately concerned that Pollack had elected to join a gang and sell drugs despite having a supportive family and the physical ability and intelligence to perform legitimate work.  We therefore conclude that Pollack's sentence of imprisonment is substantively reasonable.  *See United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011) (recognizing that "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors").

Finally, the district court properly imposed a three-year term of supervised release.  *See* 21 U.S.C. § 841(b)(1)(C).  And the court complied with our decisions in *Singletary* and *Rogers* by orally pronouncing all of the discretionary conditions of supervised release during the resentencing hearing.  Moreover, the court did not otherwise plainly err in imposing those discretionary conditions.  *See United States v. McMiller*, 954 F.3d 670, 675 (4th Cir. 2020) (reviewing imposition of supervised release conditions for plain error where defendant did not lodge objections to conditions in district court).  Indeed, the court adequately explained its reasons for imposing some of the discretionary conditions of supervised release.  *See United States v. Boyd*, 5 F.4th 550, 557 (4th Cir. 2021).  Insofar as the court did not provide individualized explanations for imposing each of the 13 "standard" conditions of supervised release recommended by the Guidelines in every case, *see* U.S. Sentencing Guidelines Manual § 5D1.3(c), p.s. (2018), we observe that Pollack

4

did not object to any of those conditions. Furthermore, we are satisfied that the reasons for imposing those 13 conditions are "self-evident" in this case and that the court's sentencing explanation as a whole supports the imposition of those conditions. *Boyd*, 5 F.4th at 559; *see id.* ("[W]e do not expect district courts to robotically tick through individual explanations for every condition imposed." (internal quotation marks omitted)).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We thus affirm the amended criminal judgment. This court requires that counsel inform Pollack, in writing, of the right to petition the Supreme Court of the United States for further review. If Pollack requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pollack.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*