**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4439**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GREGORY JOHNSON, a/k/a Little Greg,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge.  (8:02-cr-00178-PJM-1)

Submitted:  September 29, 2022                     Decided:  March 30, 2023

Before GREGORY, Chief Judge, WYNN, Circuit Judge, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Eugene Gorokhov, Michael T. Collins, BURNHAM & GOROKHOV, PLLC, Washington, D.C., for Appellant.  Erek L. Barron, United States Attorney, Baltimore, Maryland, Ellen E. Nazmy, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Johnson appeals the district court's second amended criminal judgment resentencing him to 489 months' incarceration after granting his 28 U.S.C. § 2255 motion in part and vacating one of his 18 U.S.C. § 924(c) convictions for using a firearm during and in relation to kidnapping. On appeal, Johnson challenges the sentence as procedurally and substantively unreasonable, and he argues that the court failed to explain the discretionary supervised release conditions. We affirm.

When, as here, the district court reviews a sentence under § 2255 and determines that it is unlawful, the court shall vacate and set aside the sentence and must order "(1) the prisoner's release, (2) the grant of a future new trial to the prisoner, (3) or a new sentence, be it imposed by (a) a resentencing or (b) a corrected sentence." *United States v. Hadden*, 475 F.3d 652, 661 (4th Cir. 2007); *see also* 28 U.S.C. § 2255(b). Here, the court conducted a resentencing hearing, and we review Johnson's resulting sentence for reasonableness under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 51 (2007). We first examine the sentence for procedural error, which includes "failing to calculate (or improperly calculating) the [Sentencing] Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.* Only if we find the sentence procedurally reasonable do we consider its substantive reasonableness. *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019).

2

In pronouncing a sentence, "[a] district court is required to provide an individualized assessment based on the facts before the court, and to explain adequately the sentence imposed to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (internal quotation marks omitted). "The court's explanation should set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (cleaned up). "We do not evaluate a [district] court's sentencing statements in a vacuum." *United States v. Nance*, 957 F.3d 204, 213 (4th Cir. 2020). "Instead, we look at the full context, including the give-and-take of a sentencing hearing" and "may infer from that discussion that specific attention has been given to [the defendant's] arguments." *Id.* Moreover, "[a]ny sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (internal citation omitted).

We have thoroughly reviewed the record and the relevant legal authorities and conclude that the sentence is both procedurally and substantively reasonable. The district court actively engaged with the parties during their arguments, responding to those arguments and explaining why the court accepted or rejected them and weighing them against the statutory factors. The court therefore sufficiently addressed Johnson's arguments in mitigation and explained its reasons for the sentence imposed. Furthermore,

3

we conclude that Johnson has failed to overcome the presumption of reasonableness attached to his within-Guidelines-range sentence.

With respect to the conditions of supervised release, we review "special conditions of supervised release for abuse of discretion, recognizing that district courts have broad latitude in this space." *United States v. Hamilton*, 986 F.3d 413, 419 (4th Cir. 2021) (internal quotation marks omitted). "The [district] court may impose any special condition that is reasonably related to the statutory sentencing factors . . . ." *United States v. Douglas*, 850 F.3d 660, 663 (4th Cir. 2017) (internal quotation marks omitted); *see* 18 U.S.C. § 3583(d). A court must specifically explain the bases for a discretionary condition of supervised release unless (1) the reasons are "self-evident," (2) the defendant did not raise any nonfrivolous objections to the condition, and (3) the court provided an adequate explanation for the sentence as a whole. *United States v. Boyd*, 5 F.4th 550, 559 (4th Cir. 2021) (internal quotation marks omitted). Having reviewed the record, we conclude that reasons for imposing the special conditions of supervised release here are self-evident and that the district court did not err in imposing them.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*