**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 22-4285**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

SANDRO CUEVAS, JR.,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:19-cr-00194-FL-1)

———————

Submitted: August 30, 2023                    Decided: September 29, 2023

———————

Before NIEMEYER, THACKER, and RUSHING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF**: G. Alan Dubois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Michael F. Easley, Jr., United States Attorney, K. Paige O'Hale, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sandro Cuevas, Jr. pleaded guilty, without a written plea agreement, to conspiracy to distribute and possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 846, and aiding and abetting the distribution and possession with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 18 U.S.C. § 2, 21 U.S.C. § 841(a)(1). The district court sentenced Cuevas to 360 months' imprisonment. In a prior appeal, we remanded the sentence in light of *United States v. Singletary*, 984 F.3d 341, 344 (4th Cir. 2021), for the district court to conduct a new sentencing hearing. *United States v. Cuevas*, No. 21-4023 (4th Cir. June 3, 2021) (unpublished order).

On remand, the district court sentenced Cuevas to 295 months' imprisonment. Cuevas again appeals, arguing that the district court erred in calculating the drug weight attributed to him at sentencing and in applying a sentencing enhancement for being the leader or organizer of a criminal organization under U.S. Sentencing Guidelines Manual § 3B1.1(a) (2021). Cuevas further asserts that the district court abused its discretion by imposing three unreasonable conditions of supervised release and did not sufficiently explain why the conditions were appropriate.

First, the Government contends that Cuevas may not bring his challenges to the Sentencing Guidelines calculations on appeal now, as he did not raise them in the first appeal, and instead sought a remand and new sentencing hearing pursuant to *Singletary*. However, we have held that when "the appellate court had 'set aside [the defendant's] entire sentence and remanded for a de novo resentencing,' the remand order had

2

'effectively wiped the slate clean.'"  *United States v. Pileggi*, 703 F.3d 675, 680 (4th Cir. 2013) (quoting *Pepper v. United States*, 562 U.S. 476, 507 (2011)).  As we vacated Cuevas' entire sentence under *Singletary*, the district court was permitted to conduct a full de novo resentencing on remand.  Accordingly, we will consider Cuevas' arguments regarding the Guidelines calculations in the current appeal.

"As a general matter, in reviewing any sentence 'whether inside, just outside, or significantly outside the Guidelines range,' we apply a 'deferential abuse-of-discretion standard.'"  *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)).  Under this standard, we review the district court's legal conclusions de novo and its factual findings for clear error.  *United States v. Bolton*, 858 F.3d 905, 911 (4th Cir. 2017).  "We first review for procedural errors; '[i]f and only if,' we find no such procedural errors may we assess the substantive reasonableness of a sentence."  *Id.* (quoting *McDonald*, 850 F.3d at 643).  In evaluating the procedural reasonableness of a sentence, we assess whether the district court improperly calculated the Guidelines range, failed to consider the 18 U.S.C. § 3553(a) factors, or failed to adequately explain the chosen sentence.  *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020).

"It is well established[, however,] that we will not vacate a sentence if we determine that the district court's improper calculation of the Guidelines advisory sentencing range was harmless."  *United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019).  As the Government suggests, we need not resolve Cuevas's challenges to the district court's Guidelines ruling but may instead "proceed directly to an assumed error harmlessness

3

inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted). A sentencing error is harmless if: "(1) the district court would have reached the same result even if it had decided the Guidelines issue the other way, and (2) the sentence would be reasonable even if the Guidelines issue had been decided in the defendant's favor." *Mills,* 917 F.3d at 330 (cleaned up). Here, the first prong of the inquiry is met. The district court explicitly stated that even if it miscalculated the drug weight or erred in assessing Cuevas' scope of involvement in the criminal enterprise, it would still determine that a sentence of 295 months' imprisonment is sufficient but not greater than necessary.

"We therefore proceed to the second prong of the inquiry, whether the district court's sentence [is] substantively reasonable." *Id*. at 331 (internal quotation marks omitted). In reviewing the substantive reasonableness of a variant sentence, we "consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). Although a district court's "explanation for the sentence must support the degree of the variance, . . . it need not find extraordinary circumstances to justify a deviation from the Guidelines." *United States v. Spencer*, 848 F.3d 324, 327 (4th Cir. 2017) (internal quotation marks omitted). Because our review is ultimately for an abuse of discretion, we accord "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (internal quotation marks omitted).

Applying these principles, we conclude that Cuevas' 295-month prison term does not amount to an abuse of discretion under the totality of the circumstances, even if the district court had sustained Cuevas' objections to the drug weight and role enhancement. The district court provided a sufficiently detailed explanation of the § 3553(a) factors motivating its chosen sentence. The court focused on the nature of the crime including the length of the operation, the large amount of drugs trafficked, and the international transportation of the drugs. The district court further considered the need to protect the public and to deter this kind of criminal behavior.

In light of the district court's consideration of the § 3553(a) factors, we conclude that Cuevas' upward variant sentence is substantively reasonable. *See United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010) (explaining that substantive reasonableness review requires an examination of "the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)"). Consequently, we find that the alleged miscalculation of Cuevas' Guidelines range would be harmless. *See McDonald*, 850 F.3d at 645.

Finally, Cuevas argues that the district court abused its discretion by imposing three unreasonable special conditions of supervised release that involve a greater deprivation of liberty than necessary, and did not sufficiently explain the reasons that the conditions were appropriate for him. Specifically, Cuevas challenges the conditions that he disclose financial information to his probation officer when requested, seek permission from his

5

probation officer before opening any new lines of credit, and submit to warrantless searches of his person, car, home, computer, and cell phone.

We review "conditions of supervised release for abuse of discretion, recognizing that district courts have broad latitude in this space." *United States v. Hamilton*, 986 F.3d 413, 419 (4th Cir. 2021) (internal quotation marks omitted). "The court may impose any special condition that is reasonably related to the statutory sentencing factors." *United States v. Douglas*, 850 F.3d 660, 663 (4th Cir. 2017) (internal quotation marks omitted); *see* 18 U.S.C. § 3583(d). "[A] sentencing court's duty to provide an explanation for the sentence imposed also requires that the court explain any special conditions of supervised release." *United States v. McMiller*, 954 F.3d 670, 676 (4th Cir. 2020).

> This duty arises from 18 U.S.C. § 3583(d), which requires that special conditions of supervised release be: (1) reasonably related to the statutory goals of deterrence, protection of the public, and rehabilitation; (2) no greater a deprivation of liberty than is reasonably necessary to achieve those statutory goals; and (3) consistent with any relevant policy statements issued by the Sentencing Commission.

*Id.* (cleaned up). "Unless a court adequately explains its reasons for imposing certain conditions, we can't judge whether the § 3583(d) factors have been met." *United States v. Boyd*, 5 F.4th 550, 557 (4th Cir. 2021).

We conclude that the district court sufficiently explained the reasons for the challenged conditions of supervised release and that those conditions are substantively reasonable. Regarding the financial conditions, the district court explained that Cuevas has several dependent children to support, which is another condition of his supervised release. The court stated that providing financial information and seeking the probation officer's

6

approval prior to opening new lines of credit would help Cuevas work toward the goals of supporting his children and living within his means. Considering Cuevas's admission that selling drugs was partially motivated by providing for his family, we find that the district court adequately explained the reason for these conditions. Similarly, the district court explained that the warrantless search provision was necessary and appropriate in light of the nature of Cuevas' offenses, which involved selling drugs and possessing firearms, and the need to effectively supervise Cuevas. Finally, we conclude that the conditions do not impose a greater restriction on liberty than reasonably necessary to achieve the sentencing goals.

Therefore, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

7