**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4112

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTOINE DESHAWN MILLER,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  David A. Faber, Senior District Judge.  (2:20-cr-00092-1)

Submitted:  October 19, 2023                    Decided:  October 23, 2023

Before KING and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Mary Claire Davis, FROST BROWN TODD LLP, Charleston, West Virginia, for Appellant.  William S. Thompson, United States Attorney, M. Ryan Blackwell, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antoine Deshawn Miller appeals the 24-month sentence imposed upon the revocation of his supervised release. On appeal, Miller argues the upward-variant sentence is plainly unreasonable because the district court miscalculated the advisory policy statement range, did not address his nonfrivolous mitigating arguments, and failed to adequately explain the chosen sentence. We affirm.

"We affirm a revocation sentence so long as it is within the prescribed statutory range and is not plainly unreasonable." *United States v. Coston*, 964 F.3d 289, 296 (4th Cir. 2020) (internal quotation marks omitted). Miller's sentence does not exceed the applicable statutory maximum. Accordingly, the remaining question is whether the sentence is plainly unreasonable. When reviewing whether a revocation sentence is plainly unreasonable, we first "determine whether the sentence is unreasonable at all." *Id.* (internal quotation marks omitted). "In making this determination, we follow generally the procedural and substantive considerations that we employ in our review of original sentences, with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (cleaned up). "A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *Coston*, 964 F.3d at 297 (internal quotation marks omitted); *see* 18 U.S.C. § 3583(e).

2

Miller first argues the district court procedurally erred when calculating the advisory policy statement range by relying on a prior state conviction for marijuana possession to increase the severity of one of his violations from Grade C to Grade B. Our review of the record leads us to conclude that Miller waived his right to challenge the calculation of the advisory policy statement range on this basis. Miller not only confirmed that he did not object to the district court's calculation of the policy statement range, but he also explicitly conceded, when discussing the relevant prior offense, that the district court had "[t]echnically . . . calculated the [G]uidelines appropriately" in relation to that offense. We have previously held that similar concessions amounted to waiver. *See United States v. Boyd*, 5 F.4th 550, 555 (4th Cir. 2021) (discussing case where this court held a defendant waived an argument when he "explicitly stated at the sentencing hearing that he had no outstanding objections to a revised presentence report and agreed with the component of his sentence later challenged on appeal" (internal quotation marks omitted)). Because waived issues are "unreviewable," *Stokes v. Stirling*, 64 F.4th 131, 141 (4th Cir. 2023), we do not reach this issue.

As to Miller's other arguments, we conclude his sentence is not plainly unreasonable. The district court considered the relevant statutory factors and thoroughly explained its rationale for imposing the above-policy statement range sentence, emphasizing that the statutory maximum sentence was necessary to account for Miller's repeated noncompliance with the conditions of his release, his "egregious criminal behavior," and his "dreadful criminal record." Although the district court did not expressly address Miller's argument regarding his prior marijuana possession offense, the court's

3

explanation of the sentence adequately indicates that it considered that argument and found it unconvincing.

We therefore affirm the revocation judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*