**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4079

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

QUINN HAKEEM MCCRAY,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, Chief District Judge.  (4:18-cr-00647-RBH-1)

Submitted:  January 23, 2024                    Decided:  February 2, 2024

Before GREGORY and WYNN, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Kimberly H. Albro, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Adair F. Boroughs, United States Attorney, Tsering Jan Van Der Kuijp, Attorney Advisor, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quinn Hakeem McCray pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e).  The district court sentenced McCray to 180 months' imprisonment and five years of supervised release.  On appeal, McCray argues that the district court erred under *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), because it did not adequately announce the standard conditions of supervised release at sentencing, and its oral pronouncement of the condition requiring McCray to report to the probation officer is inconsistent with the reporting condition in the written judgment. McCray also contends that his sentence is procedurally unreasonable because the court did not explain why it imposed the Sentencing Guidelines' standard conditions and the probation officer, in the presentence report, suggested that the Guidelines' standard conditions were mandatory.[1]  Finding no error, we affirm.

"[A] district court must orally pronounce all non-mandatory conditions of supervised release at the sentencing hearing." *United States v. Singletary*, 984 F.3d 341, 344 (4th Cir. 2021).  "Discretionary conditions that appear for the first time in a subsequent written judgment . . . are nullities; the defendant has not been sentenced to those conditions, and a remand for resentencing is required." *Id.* (citing *Rogers*, 961 F.3d at 295,

---

[1] In his initial opening brief, McCray argued that his conviction was invalid following the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), and that the district court improperly relied on one of his state drug convictions to enhance his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e).  However, because McCray expressly withdraws these arguments in his supplemental opening brief, we do not consider them.

300-01).  To "satisfy its obligation to orally pronounce discretionary conditions," a district court may do so "through incorporation—by incorporating, for instance, all Guidelines 'standard' conditions when it pronounces a supervised-release sentence, and then detailing those conditions in the written judgment." *Rogers*, 961 F.3d at 299.

On appeal, McCray contends that the district court failed to adequately pronounce at sentencing the 13 standard conditions of supervised release listed in the criminal judgment.  Because McCray did not raise this issue before the district court, we review for plain error.  *United States v. Elbaz*, 52 F.4th 593, 611-12 (4th Cir. 2022), *cert. denied*, 144 S. Ct. 278 (2023).  "To establish plain error, [McCray] must show that an error occurred, that it was plain, and that it affected his substantial rights." *United States v. McMiller*, 954 F.3d 670, 674 (4th Cir. 2020).  McCray must also show that the error "seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Id.* (internal quotation marks omitted).

Here, the district court ordered McCray to "comply with the mandatory and standard conditions of supervision outlined in 18 U.S.C. [§] 3583(d)."  (J.A. 77).[2]  McCray argues that, because § 3583(d) does not list the standard conditions, and instead only describes the criteria for imposing discretionary conditions, the district court could not have imposed the standard conditions listed in the judgment by reference to § 3583(d).  McCray's claim is foreclosed by our decision in *United States v. Cisson*, 33 F.4th 185 (4th Cir. 2022).  In *Cisson*, the district court stated at sentencing "that it would impose the 'mandatory and

---

[2] "J.A." refers to the Joint Appendix filed by the parties in this appeal.

3

standard conditions' of supervised release." *Id.* at 194 (emphasis omitted). We observed that the District of South Carolina has no standing order listing supervised release conditions that differ from the standard conditions in the Guidelines. *Id.*; *see* U.S. Sentencing Guidelines Manual § 5D1.3(c), p.s. (2018). "Thus, there [was] no other set of 'standard' conditions to which the [district] court could have been referring other than the Guidelines 'standard' conditions." *Cisson*, 33 F.4th at 194. Because there were no other standard conditions of supervision to which the district court could have been referring in this case, the district court sufficiently pronounced through incorporation the standard conditions in the Guidelines. *See id.*

McCray also argues that the district court committed *Rogers* error because the first standard condition in the judgment materially differed from the court's oral pronouncement of that condition at sentencing. Specifically, at sentencing, the district court ordered that, upon his release from custody, McCray report to the probation office in the federal judicial "district to which [he] is released." (J.A. 77). The judgment, however, instructed that, upon his release, McCray report to the probation office in the "district where [he is] authorized to reside." (J.A. 85). McCray asserts that this facial discrepancy constitutes *Rogers* error. When "a defendant claims that a district court committed a *Rogers* error, we review the consistency of the defendant's oral sentence and the written judgment de novo." *Cisson*, 33 F.4th at 193 (cleaned up).

A material discrepancy between a discretionary condition as pronounced and as detailed in a written judgment may constitute *Rogers* error. *See id.* at 194 & n.6. However, McCray fails to demonstrate a reversible inconsistency under *Rogers*. The district court at

4

the sentencing hearing orally pronounced through incorporation the standard conditions in USSG § 5D1.3(c), p.s., which included the condition that McCray report to the probation office in the district where he is authorized to reside, but also ordered McCray to report in the district to which he is released. Thus, the district court's oral pronouncement itself was inconsistent, as it left ambiguous where McCray must report upon his release from custody. "[W]here the precise contours of an oral sentence are ambiguous, we may look to the written judgment to clarify the district court's intent." *Rogers*, 961 F.3d at 299 (citing *United States v. Osborne*, 345 F.3d 281, 283 n.1 (4th Cir. 2003)). We are satisfied that the written judgment's inclusion of the reporting condition in USSG § 5D1.3(c)(1), p.s., dispels the ambiguity in the district court's oral pronouncement and confirms the court's intent to require McCray to report to the probation office in the district where he is authorized to reside.

Next, McCray contends that his sentence is procedurally unreasonable because the district court failed to explain why it imposed the standard conditions of supervised release and treated the standard conditions as mandatory. "District courts have broad latitude to impose discretionary conditions of supervised release." *United States v. Boyd*, 5 F.4th 550, 557 (4th Cir. 2021) (internal quotation marks omitted). A district court may impose any discretionary condition so long as it "is reasonably related to the statutory sentencing factors referenced in 18 U.S.C. § 3583(d)(1)." *United States v. Douglas*, 850 F.3d 660, 663 (4th Cir. 2017) (internal quotation marks omitted). The condition must "involve[] no greater deprivation of liberty than is reasonably necessary" to satisfy these factors and be

5

"consistent with any pertinent policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(d)(2), (3).

A district court must explain why a discretionary condition is warranted under § 3583(d). *Boyd*, 5 F.4th at 557. However, "[t]he degree of explanation required—the appropriateness of brevity or length, conciseness or detail, when to write, what to say— varies with the complexity of a given case." *Id.* (cleaned up). At bottom, "a sentencing court must always offer enough of an explanation to satisfy us that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decision-making authority." *Id.* at 559 (cleaned up). "[I]f the reasons for a given condition are self-evident, and a defendant fails to raise nonfrivolous objections, a sentence-as-a-whole explanation can suffice." *Id.* (cleaned up). Here, because McCray did not object to the district court's imposition of the discretionary conditions of supervised release, we review his claim for plain error. *Elbaz*, 52 F.4th at 611-13.

We conclude that McCray has not shown plain error. In light of McCray's significant and often violent criminal history, the district court's reasons for imposing the standard conditions of supervised release are self-evident. Moreover, the court provided an adequate explanation for the sentence as a whole, emphasizing the severity of McCray's instant offense and criminal history while also recognizing McCray's difficult upbringing and cognitive limitations. Lastly, while McCray's presentence report did suggest that the standard conditions "will be ordered," (J.A. 134), "presentence reports do not have the force of law," *Cisson*, 33 F.4th at 193, and there is no evidence in the record that the court

6

believed that the standard conditions were mandatory.  We therefore discern no procedural error in the court's imposition of the standard conditions of supervised release.

Accordingly, we affirm the judgment of the district court.  We also deny as moot McCray's motion for summary disposition.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*