**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4634

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM THOMAS BAILEY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Terrence W. Boyle, District Judge.  (4:20-cr-00056-BO-1)

Submitted:  July 31, 2024                                Decided:  August 15, 2024

Before WILKINSON, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Elisa Cyre Salmon, SALMON LAW FIRM, LLP, Lillington, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, Lucy Partain Brown, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Thomas Bailey pled guilty to manufacturing or producing child pornography, in violation of 18 U.S.C. § 2251(a), (e), and distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2), (b)(1).  The district court sentenced Bailey to 500 months' imprisonment, to be followed by a lifetime term of supervised release.  Bailey appealed, asserting, among other arguments, that the district court plainly erred in imposing special conditions of supervised release without explaining why it was imposing those conditions.  We agreed and vacated the special conditions of supervised release as procedurally unreasonable.  *United States v. Bailey*, No. 22-4524, 2023 WL 3578819, at *2-3 (4th Cir. May 22, 2023) ("*Bailey I*").  We remanded to the district court for further explanation as to those conditions but affirmed the criminal judgment in all remaining respects.  *Id.* at *3.

On remand, the district court reimposed the special conditions of supervised release. Bailey now appeals the amended criminal judgment, arguing that the district court reversibly erred in failing to orally pronounce or explain the life term of supervised release or to provide him an opportunity to allocute at the remand hearing.  Finding no reversible error on these grounds, we affirm.

We review a sentence for reasonableness, applying an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 46 (2007).  We first consider whether the district court committed significant procedural error, such as failing to address the defendant's nonfrivolous arguments or to adequately explain the chosen sentence.  *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020).  When a defendant has not preserved a challenge

2

to the sentencing court's alleged procedural error, however, we review the issue for plain error. *United States v. Lynn*, 592 F.3d 572, 577 (4th Cir. 2010).  To establish plain error, the defendant must demonstrate that (1) an error occurred, (2) "the error was plain," (3) "the error affected his substantial rights," and (4) "the error had a serious effect on the fairness, integrity or public reputation of judicial proceedings."  *United States v. Fowler*, 58 F.4th 142, 150 (4th Cir. 2023) (internal quotation marks omitted).

Our analysis of each of Bailey's assignments of error turns heavily on the scope of our mandate in *Bailey I*.  "The mandate rule governs what issues the lower court is permitted to consider on remand."  *United States v. Cannady*, 63 F.4th 259, 266 (4th Cir. 2023) (internal quotation marks omitted).  Absent exceptions not applicable here, the rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court," as well as those "foregone on appeal or otherwise waived."  *United States v. Pileggi*, 703 F.3d 675, 679 (4th Cir. 2013) (cleaned up).  On remand, the district court "must implement both the letter and spirit of the mandate, taking into account our opinion and the circumstances it embraces."  *Cannady*, 63 F.4th at 266 (cleaned up).

When we vacate an entire sentence and remand for a de novo resentencing, our opinion "effectively wipe[s] the slate clean," permitting the district court to revisit any aspect of the sentence at resentencing.  *Pileggi*, 703 F.3d at 680 (internal quotation marks omitted).  But when we vacate only one component of a sentence and remand for a more limited purpose, the mandate rule prohibits the district court from revisiting other aspects of the sentence on remand.  *See id.* at 680-81.  Our mandate in *Bailey I* was narrow, as we vacated only the special conditions of supervised release and remanded for the limited

3

purpose of permitting the district court to further explain why it imposed those conditions. The mandate thus laid to rest issues involving all other components of the sentence.

Turning to Bailey's specific contentions, a district court must provide a reason for imposing discretionary conditions of supervised release. *United States v. Boyd*, 5 F.4th 550, 557 (4th Cir. 2021). "[A]s a general matter, the more onerous the term of supervised release—whether due to its duration or to the rigor of its conditions—the greater the justification required." *Id.* (internal quotation marks omitted). A district court's failure to explain why it is imposing discretionary conditions on a life term of supervised release generally constitutes plain error, as "[i]t is the settled law of this circuit that [a defendant] has a right to know why he faces special conditions that will forever modify the course of his life." *United States v. Ross*, 912 F.3d 740, 746 (4th Cir. 2019).

Bailey does not fairly challenge the manner or sufficiency of the explanation provided by the district court for reimposing the special conditions of supervised release. *See United States v. Fernandez Sanchez*, 46 F.4th 211, 219 (4th Cir. 2022) (explaining that party "waives an argument by failing to present it in its opening brief" or "to develop its argument—even if its brief takes a passing shot at the issue" (cleaned up)). Instead, Bailey essentially takes issue with the district court's failure to pronounce or to explain why it reimposed a life term of supervised release. Because our mandate laid to rest the length of Bailey's supervision, the district court was not obligated to formally pronounce or explain

4

the supervised release term on remand. We thus conclude that the district court did not err, plainly or otherwise, on this basis.[*]

Turning to Bailey's allocution claim, a sentencing court must "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Fed. R. Crim. P. 32(i)(4)(A)(ii). When an appellate court vacates a sentence and remands for resentencing, such that "the prior sentencing proceedings were nullified," a defendant retains "a renewed right to allocute at resentencing," the denial of which may constitute reversible plain error. *United States v. Muhammad*, 478 F.3d 247, 250-51 (4th Cir. 2007).

Bailey asserts that the district court's failure to provide him an opportunity for allocution on remand is plain error under *Muhammad*. However, *Muhammad* addressed the right to allocution following the vacatur of an entire sentence, not the partial vacatur and limited remand that Bailey received. We have no settled law regarding a defendant's right to allocute in such a limited remand, and other circuits have concluded that the right does not exist. *See United States v. Richardson*, 948 F.3d 733, 744 (6th Cir. 2020); *United States v. George*, 886 F.3d 31, 37-38 (1st Cir. 2018); *United States v. Ramsdale*, 179 F.3d 1320, 1324 (11th Cir. 1999).

---

[*] The parties dispute the applicable standard of review. *See United States v. Elbaz*, 52 F.4th 593, 611-13 & n.18 (4th Cir. 2022) (discussing standards of review applicable to sufficiency-of-the-explanation challenges involving supervised release terms), *cert denied*, 144 S. Ct. 278 (2023). We need not resolve this issue, however, as the district court did not commit reversible error on the basis Bailey asserts under any applicable standard.

5

"At a minimum, courts of appeals cannot correct an error pursuant to plain error review unless the error is clear under current law." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (cleaned up).  In view of extant authority, Bailey cannot satisfy his burden to demonstrate plain error on this basis.

Accordingly, we affirm the amended criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*